J-S55037-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TARENCE MICHAEL MOSEY | : | |
| | : | |
| Appellant | : | No. 571 WDA 2019 |

Appeal from the PCRA Order Entered April 8, 2019
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0001854-2016

BEFORE:   MURRAY, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                **FILED JANUARY 10, 2020**

Appellant, Tarence Michael Mosey, appeals *pro se* from the order of the Court of Common Pleas of Blair County that denied his first petition filed under the Post Conviction Relief Act ("PCRA").[1]  After careful review, we conclude that the PCRA court did not err in denying Appellant's motion to recuse. Because the record shows, however, that Appellant was incorrectly advised by his trial counsel concerning the elements of the primary offense to which he pled guilty and was not advised at his plea colloquy of the elements of the offense, we are compelled to conclude that the PCRA court erred in denying

---

[*] Retired Senior Judge assigned to the Superior Court.

[1]  42 Pa.C.S. §§ 9541–9546.

Appellant's claim of ineffective assistance of counsel with respect to his guilty plea and therefore reverse the dismissal of Appellant's PCRA petition.

This case arises out of a motor vehicle accident in Logan Township, Blair County on May 27, 2015 at approximately 3:04 a.m., in which a Jeep Cherokee driven by Appellant struck Brandyn Boyd (Victim) while she was standing behind her disabled vehicle, which was in the roadway. Victim, who was pregnant at the time, and her unborn child, died from their injuries. Appellant was charged with Driving Under the Influence (DUI) General Impairment Incapable of Driving Safely and High Rate of Alcohol; with Homicide by Vehicle While DUI, Aggravated Assault by Vehicle While DUI, and Homicide by Vehicle; and with four summary offenses, Careless Driving, Driving at an Unsafe Speed, Operating Vehicle Without Valid Inspection, and Failure to Use Seat Belt.[2] The Commonwealth's evidence of intoxication included an admission by Appellant that he had drunk 3-4 20-ounce beers and test results from two blood draws that showed that Appellant had blood alcohol levels of .104% and .102%. Commonwealth Motion in Limine for Admission of Blood Alcohol Results; N.T. Motion in Limine at 9-12. The first of the blood draws was requested by the police and obtained with Appellant's consent following warnings that were later held invalid under ***Birchfield v. North***

---

[2] 75 Pa.C.S. §§ 3802(a)(1) and (b), 3735(a), 3735.1(a), 3732, 3714(a), 3361, 4703(a), and 4581(a)(2), respectively.

***Dakota***, 136 S. Ct. 2160 (2016). The other blood draw was taken by the hospital treating Appellant for his injuries in the accident and the results of that blood draw were obtained by the Commonwealth through a search warrant.

On October 10, 2017, the day that his jury trial was scheduled to begin, Appellant entered into a negotiated plea agreement whereby he pled guilty to Homicide by Vehicle While DUI, Aggravated Assault by Vehicle While DUI, DUI High Rate of Alcohol, and the summary offenses of Careless Driving, Driving at an Unsafe Speed, and Operating Vehicle Without Valid Inspection. The trial court accepted the plea agreement and sentenced Appellant in accordance with that agreement an aggregate 3 to 6 years' incarceration with credit for time served, consisting of the mandatory minimum sentence of 3 to 6 years' incarceration for the Homicide by Vehicle While DUI conviction and a concurrent sentence of 48 hours to 6 months' incarceration for the DUI High Rate of Alcohol conviction. Sentencing Order ¶¶1, 3. No sentence was imposed for the Aggravated Assault by Vehicle While DUI conviction as it merged with the Homicide by Vehicle While DUI conviction and the trial court imposed only fines and costs of prosecution for the summary offense convictions. ***Id.*** ¶¶2, 4-6. Appellant did not any post-sentence motion or direct appeal.

On March 6, 2018, Appellant filed a timely first PCRA petition. The PCRA court appointed counsel for Appellant, but Appellant requested to proceed *pro*

*se*. Following a **Grazier** hearing,[3] the PCRA court granted Appellant's request to proceed *pro se*, ordered that an evidentiary hearing be scheduled on the PCRA petition and appointed standby counsel for the PCRA hearing. On October 15, 2018, Appellant filed a motion to recuse the PCRA court, who was the same judge who received Appellant's guilty plea and sentenced him. Following a hearing on December 17, 2018, the PCRA court denied this motion on January 25, 2019.

On April 2, 2019, the PCRA court held a hearing on Appellant's PCRA petition.[4] Four witnesses testified at the hearing: Appellant, his mother, his trial counsel, and Richard McEldowney, an expert accident reconstruction witness who had been hired prior to the scheduled trial. On April 8, 2019, the PCRA court denied the PCRA petition. This timely appeal followed.

Appellant presents the following issues in this appeal: 1) whether the PCRA court erred in not recusing itself from consideration of the PCRA petition; 2) whether trial counsel's representation was ineffective with respect to Appellant's guilty plea and the guilty plea was invalid because the plea colloquy and information provided to Appellant concerning the charges were insufficient and because Appellant was on medication at the time; 3) whether

---

[3] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

[4] Appellant proceeded *pro se* without standby counsel at this hearing because standby counsel was unavailable and had requested a continuance and Appellant advised the PCRA court that he preferred to proceed without standby counsel rather than delay the hearing. N.T. PCRA at 2-5.

- 4 -

trial counsel's failure to file post-sentence motions and a direct appeal constituted ineffective assistance of counsel; and 4) whether trial counsel was ineffective in his preparation for trial by a) failing to timely move to suppress Appellant's blood test results under **Birchfield**, b) failing to file a motion for change of venue based on pretrial publicity, and c) failing to object to the racial composition of the jury pool.[5]

We first address the denial of Appellant's recusal motion. It is the burden of the party seeking recusal of a judge to produce evidence establishing bias, prejudice or unfairness which raises a substantial doubt as to the judge's ability to preside impartially. **Commonwealth v. Hutchinson**, 25 A.3d 277, 319 (Pa. 2011); **Commonwealth v. Abu-Jamal**, 720 A.2d 79, 89 (Pa. 1998); **Commonwealth v. Orie Melvin**, 103 A.3d 1, 23 (Pa. Super. 2014). It is usually preferable for the same judge who previously presided over the proceedings in which the defendant was convicted to preside over post-conviction proceedings because his or her familiarity with the case will likely assist the proper administration of justice. **Hutchinson**, 25 A.3d at 319; **Abu-Jamal**, 720 A.2d at 90. We review the denial of a motion to recuse for abuse of discretion. **Commonwealth v. Brown**, 141 A.3d 491, 498 (Pa. Super. 2016).

> As a general rule, a motion for recusal is initially directed to and decided by the jurist whose impartiality is being challenged. In

---

[5] We have reordered the issues listed by Appellant in his brief to address them in a more orderly fashion.

considering a recusal request, the jurist must first make a conscientious determination of his or her ability to assess the case in an impartial manner, free of personal bias or interest in the outcome. The jurist must then consider whether his or her continued involvement in the case creates an appearance of impropriety and/or would tend to undermine public confidence in the judiciary. … Where a jurist rules that he or she can hear and dispose of a case fairly and without prejudice, that decision will not be overruled on appeal but for an abuse of discretion. In reviewing a denial of a disqualification motion, we recognize that our judges are honorable, fair and competent.

*Abu-Jamal*, 720 A.2d at 89 (internal citations omitted).

In his brief, Appellant does not point to any conduct of the PCRA court or other evidence that shows any bias, prejudice or unfairness by the PCRA court or any appearance of impropriety. Rather, his argument on this issue consists almost entirely of a recitation of legal propositions and case law unconnected to any facts concerning the PCRA court. Appellant's Brief at 26-27. The only reference that Appellant makes to the PCRA court in this argument is a vague statement that the PCRA court allegedly "has not fairly addressed" a legal issue that he claims that he raised. *Id.* at 27. The mere fact that a judge did not rule in the defendant's favor on an issue is not sufficient to show bias that could warrant recusal. *Commonwealth v. Birdsong*, 24 A.3d 319, 331 (Pa. 2011).

Moreover, the PCRA court thoroughly considered the assertions raised by Appellant in his motion to recuse and concluded that it was able to resolve Appellant's claims in an impartial manner, free of personal bias or interest in the outcome, and that remaining on the case would neither create an

- 6 -

appearance of impropriety nor undermine public confidence in the judiciary. PCRA Court Opinion, 1/25/19. The PCRA court therefore did not abuse its discretion in denying Appellant's motion to recuse.

Appellant's other arguments are all claims that the PCRA court erred in denying his PCRA petition and are based on claims of ineffective assistance of counsel. We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its decision is free of legal error. *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015); *Commonwealth v. Velazquez*, 216 A.3d 1146, 1149 (Pa. Super. 2019); *Commonwealth v. Johnson*, 179 A.3d 1153, 1156 (Pa. Super. 2018). To be entitled to relief under the PCRA on a claim of ineffective assistance of counsel, the defendant must prove: (1) that the underlying legal claim is of arguable merit; (2) that counsel's action or inaction had no reasonable basis designed to effectuate his client's interests; and (3) that he suffered prejudice as a result of counsel's action or inaction. *Mason*, 130 A.3d at 618; *Velazquez*, 216 A.3d at 1149; *Johnson*, 179 A.3d at 1158. The defendant must satisfy all three prongs of this test to obtain relief under the PCRA. *Mason*, 130 A.3d at 618; *Velazquez*, 216 A.3d at 1149; *Johnson*, 179 A.3d at 1158.

We conclude that Appellant has shown ineffective assistance of counsel with respect to his guilty plea. A criminal defendant has the right to effective assistance of counsel in deciding whether to plead guilty. *Velazquez*, 216

A.3d at 1149; *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002). Ineffective assistance of counsel in connection with a guilty plea will serve as a basis for PCRA relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. *Velazquez*, 216 A.3d at 1149; *Commonwealth v. Allen*, 833 A.2d 800, 802 (Pa. Super. 2003). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Velazquez*, 216 A.3d at 1149-50 (quoting *Commonwealth v. Wah*, 42 A.3d 335 (Pa. Super. 2012)); *see also Johnson*, 179 A.3d at 1160.

To establish that a guilty plea is voluntary and knowing, the plea colloquy must ascertain the factual basis for the plea and that the defendant understands the nature of the charges to which he is pleading guilty, his right to a jury trial, the presumption of innocence, the sentencing ranges for the charges against him, and the plea court's power to deviate from any recommended sentence. *Commonwealth v. Flanagan*, 854 A.2d 489, 500 & n.8, 504 (Pa. 2004); *Commonwealth v. Reid*, 117 A.3d 777, 782 (Pa. Super. 2015); *Commonwealth v. Morrison*, 878 A.2d 102, 107 (Pa. Super. 2005); Comment to Pa.R.Crim.P. 590(A)(2). These matters may also be shown by a written plea colloquy read and signed by the defendant and made part of the record when supplemented by an oral, on-the-record examination.

- 8 -

*Reid*, 117 A.3d at 782-83; *Morrison*, 878 A.2d at 108; Comment to Pa.R.Crim.P. 590(A)(2).

Even where the oral and written plea colloquys fail to address the nature of the charges to which the defendant is pleading guilty, the plea may nonetheless be held voluntary and knowing if the record demonstrates that the defendant was in fact informed of the elements of the charges or knew in detail how the Commonwealth would prove all the elements of the charges before he pled guilty. *Commonwealth v. Shaffer*, 446 A.2d 591, 596-97 (Pa. 1982); *Morrison*, 878 A.2d at 107-09. A guilty plea is not voluntary and knowing, however, where there is nothing in the record showing that the defendant was aware of the actual elements of the offense to which he pled guilty and the record demonstrates that the defendant was incorrectly advised concerning what the Commonwealth was required to prove. *Flanagan*, 854 A.2d at 500-04 (court properly granted post-conviction relief where the defendant was given "a materially erroneous understanding of the substantive law establishing criminal liability on the offenses charged").

Here, Appellant signed a written plea colloquy and the trial court conducted a brief oral colloquy. These colloquys addressed Appellant's ability to understand the proceedings, the fact that he had sufficient opportunity to consult with trial counsel, and his understanding of his right to a jury trial, the presumption of innocence, the Commonwealth's burden of proof, the possible sentences for all of the non-summary offenses with which he was charged,

and the plea agreement. N.T. Guilty Plea and Sentencing at 18-24; Guilty Plea Colloquy Form. Trial counsel and the prosecutor stipulated on the record that the averments in the criminal complaint and affidavit of probable cause were the factual basis for the plea, but those averments were not read into the record or set forth in the written plea colloquy. N.T. Guilty Plea and Sentencing at 23; Guilty Plea Colloquy Form. Neither the written or oral colloquy set forth the elements of any of the offenses to which Appellant was pleading guilty or discussed what evidence would be required to prove those elements. Rather, the only reference to the elements or nature of the charges consisted of Appellant's affirmative answers to conclusory questions in the written plea colloquy asking whether counsel had "explained to you the nature of the charge(s) to which you are pleading guilty" and whether counsel had "explained to you the element of the criminal offense(s) to which you are pleading guilty." Guilty Plea Colloquy Form at 5. The trial court offered the prosecutor the opportunity to conduct further colloquy of Appellant, but the prosecutor declined to conduct any further colloquy. N.T. Guilty Plea and Sentencing at 23.

The PCRA record shows that trial counsel did give Appellant detailed advice concerning his sentence exposure and risks of going to trial in which he discussed the elements of the most serious charge to which Appellant pled guilty, Homicide by Vehicle While DUI, the offense for which he was sentenced to 3 to 6 years' incarceration. N.T. PCRA at 17-18, 87; 10/8/17 Trial Counsel

Letter to Appellant. Unfortunately, it is equally clear that the advice that trial counsel gave concerning the elements of that offense seriously misstated the elements of that offense and understated the Commonwealth's burden of proof.

The offense of Homicide by Vehicle While DUI requires proof of both of the following two elements: 1) a conviction for DUI; and (2) proof that the DUI caused the death of the victim. 75 Pa.C.S. § 3735(a) (in effect February 1, 2004 to December 23, 2018) (defining Homicide by Vehicle While DUI as "unintentionally caus[ing] the death of another person as the result of a violation of section 3802 (relating to driving under influence of alcohol or controlled substance)" by a person "who is convicted of violating section 3802 … when the violation is the cause of death"); *Commonwealth v. McCurdy*, 735 A.2d 681, 685 (Pa. 1999); *Commonwealth v. Thur*, 906 A.2d 552, 569 (Pa. Super. 2006). Trial counsel did not advise Appellant that the Commonwealth had the burden of proving that Appellant's DUI caused the accident or Victim's death. Instead, he advised Appellant that Homicide by Vehicle While DUI required proof of only "a. unintentional death of a person, and b. violation of any DUI charge" and that "[g]iven the fairly straight forward element of the vehicular homicide while DUI (Count # 1) in that all they have to show is an 'unintentional death' (which is fairly obvious), we will not prevail on that element." 10/8/17 Trial Counsel Letter to Appellant at 2-3.

Such inaccurate advice concerning a critical element of the primary charge against Appellant was not within the range of competence demanded of attorneys in criminal cases and constitutes ineffective assistance of counsel. *Commonwealth v. Nieves*, 746 A.2d 1102, 1104-05 (Pa. 2000) (legal advice that is contrary to applicable law constitutes ineffective assistance of counsel); *Velazquez*, 216 A.3d at 1151 (same). Because neither the trial court nor the prosecutor addressed the elements of the charges to which Appellant was pleading guilty in the oral colloquy at the time of his plea, Appellant was not made aware that trial counsel's advice was erroneous. His guilty plea, based on a material misstatement as to what the Commonwealth was required to prove, was therefore not voluntary and knowing. *Flanagan*, 854 A.2d at 500-04.

Appellant has also shown that he was prejudiced by counsel's inaccurate advice. The test for prejudice where counsel's ineffective representation involves a guilty plea is whether there is a reasonable probability that, but for counsel's error, the defendant would not have pled guilty and would have gone to trial. *Velazquez*, 216 A.3d at 1150; *Johnson*, 179 A.3d at 1159; *Hickman*, 799 A.2d at 141. This standard, however, is not a high burden; the defendant need only show that that counsel's error undermines confidence in whether the defendant would have pleaded guilty, not that is more likely than not that the defendant would have rejected the guilty plea and proceeded with trial. *Velazquez*, 216 A.3d at 1150; *Hickman*, 799 A.2d at 141.

That standard is satisfied here. Appellant testified that he felt that he had to plead guilty because of trial counsel's advice that the Commonwealth only had to prove an unintentional death and a DUI. N.T. at 15-18, 24-26, 34-35. Appellant further testified that he did not dispute that he caused an accidental death, but believed that the accident would have occurred regardless of his intoxication. *Id.* at 37-39. "[W]e have not hesitated to afford a PCRA petitioner relief where counsel has affirmatively misled his client." *Velazquez*, 216 A.3d at 1151. The PCRA court notably did not find that Appellant failed to satisfy the element of prejudice or find that he would have pled guilty regardless of what he knew or was advised concerning the elements of the charges against him. Rather, the PCRA court denied Appellant's ineffective assistance of counsel claim with respect to his plea based on its erroneous conclusion that trial counsel's misstatement of the elements of Homicide by Vehicle While DUI was "an adequate explanation of the elements of this particular charge." PCRA Court Opinion, 4/8/19, at 17.

We recognize that Appellant's guilty plea was pursuant to a plea bargain that avoided the risk of a longer prison sentence. The decision to plead guilty, however, is one of the fundamental decisions that must be made by the defendant himself, not by counsel or by a court's view that the plea is a wise choice. *Johnson*, 179 A.3d at 1160. Moreover, the plea agreement was not so extraordinarily lenient as to necessarily negate the effect of trial counsel's inaccurate advice. Appellant pled guilty to almost all of the charges against

him, including the most serious charges, the sentence that he received under the plea agreement involved significant imprisonment and, while the sentence was lower than his maximum exposure, the difference between his minimum sentence and the highest minimum sentence that he could receive, five years' incarceration, 75 Pa.C.S. § 3735(a) (in effect February 1, 2004 to December 23, 2018); 18 Pa.C.S. § 1103(2), was only two years. *Cf. Hickman*, 799 A.2d at 141-42 (prejudice from inaccurate advice concerning plea shown where minimum sentence if convicted at trial was only year longer than plea bargain sentence).

In contrast, there is nothing in the record from which it could be concluded that Appellant's decision to plead guilty was unaffected by trial counsel's inaccurate advice. The likelihood of conviction without a requirement of proof that the DUI caused the death would be far higher than under the Commonwealth's actual burden of proof. This was not a case where the defendant drove into the opposite lane of travel or off the roadway, where the mere location of the accident would make it obvious that the accident was caused by impairment. There is no evidence in the record that Appellant was advised that the Commonwealth had strong accident reconstruction evidence showing that his intoxicated condition caused this accident. To the contrary, at the PCRA hearing, trial counsel reaffirmed his misunderstanding of the causation element and testified that he had no discussion of how the

Commonwealth would prove that Appellant's intoxication caused the accident, stating:

> Q. …did you have discussions about causation with Mr. Mosey?
> A. Again, I believe it was self-evident. I'm not sure that we actually had a discussion about that.
> Q. And even in the consultations that you had with [expert witness] Mr. McEldowney or anyone else was causation ever an issue?
> A. No.

N.T. PCRA at 84.

Accordingly, we conclude that the PCRA court erred in denying Appellant's claim that trial counsel's ineffective assistance invalidated his guilty plea. We therefore remand this case to the PCRA court for the court to afford Appellant the opportunity to withdraw his guilty plea. In light of our ruling on this issue, we need not and do not address Appellant's other claims of ineffective assistance of counsel.

Order reversed. Case remanded for proceedings consistent with this decision. Jurisdiction relinquished.

Judge McLaughlin joins the memorandum.

Judge Murray files a concurring and dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/10/2020

- 15 -