J-S35045-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| WILLIAM STANCIL | : | |
| Appellant | : | No. 385 EDA 2020 |

Appeal from the PCRA Order Entered December 19, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0011116-2014

BEFORE:   BOWES, J., STABILE, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                **FILED SEPTEMBER 29, 2020**

Appellant, William Stancil, appeals from the order of the Court of Common Pleas of Philadelphia County (trial court) that dismissed his first petition filed under the Post Conviction Relief Act (PCRA)[1] without a hearing. After careful review, we affirm.

This case arose from the fatal shooting of Jose Rivera (Victim) in an armed robbery on June 21, 2014 in Philadelphia. **Commonwealth v. Stancil**, 821 EDA 2017 at 1-2 (Pa. Super. filed November 2, 2017) (unpublished memorandum).  In August 2014, Appellant, after being given **Miranda**[2]

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

[2] **Miranda v. Arizona**, 384 U.S. 436 (1966).

warnings and waiving his right to remain silent and his right to an attorney, confessed to the crime and gave a videotaped confession. *Id.* at 2. Appellant, in his confession, admitted that he and another individual, Darryl Plowden, approached Victim in order to rob Victim at gunpoint, that he pulled out a gun and shot Victim in the chest when Victim attempted to run away, and that he and Plowden then took several items from Victim's person and fled the scene. *Id.* at 1-2.

On January 5, 2016, Appellant entered a negotiated guilty plea to third degree murder, robbery, criminal conspiracy, and possessing an instrument of crime[3] and the court imposed the negotiated aggregate sentence of 27 to 55 years' incarceration. N.T., 1/5/16, at 25-37; Sentencing Order. On January 18, 2016, Appellant filed an untimely motion to withdraw his guilty plea, which was denied by operation of law on May 19, 2016. Appellant thereafter filed a PCRA petition seeking reinstatement of his post-sentence motion and direct appeal rights *nunc pro tunc*. On February 17, 2017, the trial court granted this relief and Appellant filed a timely post-sentence motion seeking withdrawal of his guilty plea, which the trial court denied. Appellant filed a direct appeal to this Court, in which he contended that his guilty plea was not voluntary because he was not sufficiently advised of the presumption of innocence if he went to trial. On November 2, 2017, this Court affirmed

---

[3] 18 Pa.C.S. §§ 2502(c), 3701(a)(1)(i), 903, and 907, respectively.

Appellant's judgment of sentence and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on May 7, 2018. *Commonwealth v. Stancil*, 181 A.3d 377 (Pa. Super. 2017) (table); *Commonwealth v. Stancil*, 185 A.3d 278 (Pa. 2018).

On June 6, 2018, Appellant filed a timely PCRA petition. Following appointment of counsel, Appellant's PCRA counsel filed an amended PCRA petition asserting a claim that Appellant's trial counsel was ineffective because he did not object in Appellant's guilty plea colloquy to the absence of an explanation of the restrictions on the Commonwealth's ability to strike jurors based on their race or gender in a jury trial. Amended PCRA Petition at 2-3 ¶10. On October 24, 2019, the trial court issued a notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss Appellant's PCRA petition without a hearing on the ground that the issue that the PCRA petition raised was without merit. Appellant filed two *pro se* responses to the trial court's Rule 907 notice. On December 19, 2019, the trial court dismissed Appellant's PCRA petition. This timely appeal followed.

> Appellant presents the following single issue for our review:
>
> Did the PCRA Court err in failing to find that trial counsel was ineffective for failing to object to a guilty plea colloquy in which the prosecutor's colloquy failed to mention that the Commonwealth could not exclude jurors based on their race, leaving the impression that only the defense was precluded from striking jurors based on race, and failed to mention that both parties could not exclude jurors based on their gender?

Appellant's Brief at 3. We review the trial court's dismissal of Appellant's PCRA petition to determine whether the record supports the court's findings and whether its decision is free of legal error. *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015); *Commonwealth v. Velazquez*, 216 A.3d 1146, 1149 (Pa. Super. 2019); *Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012).

To be entitled to relief under the PCRA on a claim of ineffective assistance of counsel, the defendant must prove: (1) that the underlying legal claim is of arguable merit; (2) that counsel's action or inaction had no reasonable basis designed to effectuate his client's interests; and (3) that he suffered prejudice as a result of counsel's action or inaction. *Mason*, 130 A.3d at 618; *Velazquez*, 216 A.3d at 1149; *Commonwealth v. Timchak*, 69 A.3d 765, 769 (Pa. Super. 2013). The defendant must satisfy all three prongs of this test to obtain relief under the PCRA. *Mason*, 130 A.3d at 618; *Velazquez*, 216 A.3d at 1149; *Commonwealth v. Johnson*, 179 A.3d 1153, 1158 (Pa. Super. 2018).

A criminal defendant has the right to effective assistance of counsel in deciding whether to plead guilty. *Velazquez*, 216 A.3d at 1149; *Timchak*, 69 A.3d at 769; *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002). Ineffective assistance of counsel in connection with a guilty plea will serve as a basis for PCRA relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. *Velazquez*, 216 A.3d at 1149;

*Timchak*, 69 A.3d at 769; *Commonwealth v. Allen*, 833 A.2d 800, 802 (Pa. Super. 2003). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Velazquez*, 216 A.3d at 1149-50 (quoting *Wah*); *see also Johnson*, 179 A.3d at 1160; *Timchak*, 69 A.3d at 769.

Appellant argues that his guilty plea was not voluntary and knowing because he was not adequately advised in his plea colloquy that the prosecution could not exclude jurors on the basis of race or gender. We do not agree.

The topics that had to be addressed in the plea colloquy to establish that Appellant's guilty plea was voluntary and knowing were the factual basis for the plea and whether Appellant understood the nature of the charges to which he was pleading guilty, his right to a jury trial, the presumption of innocence, the sentencing ranges for the charges against him, and the plea court's power to deviate from any recommended sentence. *Commonwealth v. Flanagan*, 854 A.2d 489, 500 & n.8, 504 (Pa. 2004); *Commonwealth v. Jabbie*, 200 A.3d 500, 506 (Pa. Super. 2018); *Commonwealth v. Reid*, 117 A.3d 777, 782-84 (Pa. Super. 2015); Comment to Pa.R.Crim.P. 590(A)(2). These matters can also be shown by a written plea colloquy read and signed by Appellant that was made part of the record and supplemented by an oral, on-the-record examination. *Reid*, 117 A.3d at 782-83; *Commonwealth v.*

*Morrison*, 878 A.2d 102, 108-09 (Pa. Super. 2005) (*en banc*); Comment to Pa.R.Crim.P. 590(A)(2).

Here the record shows that all of these subjects were thoroughly covered and explained and that Appellant understood his rights. Before his plea, Appellant confirmed that he was not under the influence of drugs or alcohol and he understood the proceedings. N.T., 1/5/16, at 5-7. In his oral plea colloquy and the written plea colloquy that he signed, Appellant was advised both of his right to a jury trial and the presumption of innocence and of what those rights encompassed, and he acknowledged his understanding of those rights and that he was giving up those rights by pleading guilty. *Id.* at 9-14, 28; Written Guilty Plea Colloquy at 1-2. In addition, Appellant was advised of the elements of the charges to which he was pleading guilty, the sentencing ranges for the charges against him, and his ability to withdraw his plea if the court did not agree to the recommended sentence, and he acknowledged his understanding of that information. N.T., 1/5/16, at 7-8, 15-28; Written Guilty Plea Colloquy at 1. The factual basis for the plea, which was sufficient to support conviction of the crimes to which Appellant pled guilty, was also placed on the record. N.T., 1/5/16, at 30-32, 34. Indeed, although the precise issue raised here was not before it, this Court in Appellant's direct appeal concluded that the plea colloquy was sufficient and that the guilty plea was voluntary and knowing. *Stancil*, 821 EDA 2017 at 4-5.

Appellant contends that the requirement that the defendant understand his right to a jury trial is not satisfied unless he is advised of the limitations on the exercise of peremptory challenges under ***Batson v. Kentucky***, 476 U.S. 79 (1986) and its progeny. That is without merit. The essential attributes of a jury trial of which a defendant must be advised to knowingly and voluntarily waive his rights are that the jury is chosen from members of the community (a jury of one's peers), that the verdict must be unanimous, and that the defendant is allowed to participate in the selection of the jury. ***Commonwealth v. Houck***, 948 A.2d 780, 787 (Pa. 2008); ***Commonwealth v. Mallory***, 941 A.2d 686, 696-97 (Pa. 2008); ***Commonwealth v. O'Donnell***, 740 A.2d 198, 207–08 (Pa. 1999); ***Commonwealth v. Smith***, 181 A.3d 1168, 1175 (Pa. Super. 2018). Failure to elaborate further details concerning jury selection beyond these three essentials does not make the defendant's waiver of his rights unknowing or involuntary. ***O'Donnell***, 740 A.2d at 207–08 (failure to inform defendant of her right to ask prospective jurors whether they would be able to impose a life sentence for murder did not invalidate her jury waiver).

Here, Appellant was fully advised in his plea colloquy of all three of these aspects of his right to jury trial: it was explained to him at length that if he went to trial, his jury would be selected from potential jurors from all over Philadelphia, that he would participate with his counsel in selecting the jury, and its verdict would have to be unanimous. N.T., 1/5/16, at 9-14. The plea

colloquy therefore sufficiently explained to Appellant the jury trial right that he was waiving in pleading guilty and trial counsel cannot be held ineffective on the ground that Appellant was not also advised of limitations on the use of peremptory challenges in jury selection. *O'Donnell*, 740 A.2d at 208 & n.7.

Contrary to Appellant's contentions, he was not misled to believe that the prosecution could exclude jurors based on race. Although the only reference in the plea colloquy to whether or not jurors could be excluded based on race was the prosecutor's statement that Appellant could strike up to seven prospective jurors for any reason "as long as it wasn't racially driven," the prosecutor stated that he had the same right to strike up to 7 prospective jurors as Appellant. N.T., 1/5/16, at 12. Because the prosecutor described his right to strike jurors as the same as Appellant's, there was no implication that the prosecution could exclude jurors on the basis of race.

Moreover, Appellant's claim of ineffective assistance of counsel also fails for lack of prejudice. The test for prejudice where counsel's ineffective representation involves a guilty plea is whether there is a reasonable probability that, but for counsel's error, the defendant would not have pled guilty and would have gone to trial. *Velazquez*, 216 A.3d at 1150; *Johnson*, 179 A.3d at 1159; *Timchak*, 69 A.3d at 770. There is no claim here that any error with respect to the plea colloquy affected Appellant's decision to plead guilty.

The record showed that Appellant pled guilty to third-degree murder and other charges with a sentence of 27 to 55 years' imprisonment for a crime to which he had confessed to avoid a first-degree or second-murder conviction with a sentence of life in prison without parole. N.T., 1/5/16, at 7-9, 14-15, 25. Given the reasons for the plea and the fact Appellant received the bargained-for sentence, there is no basis for any conclusion that more detail concerning how a jury is selected would have caused him to go to trial. Indeed, Appellant did not allege in his amended PCRA petition or his filings in response to the trial court's Rule 907 notice that the absence of an explanation of the limits on the prosecution's use of peremptory challenges had any effect on his decision to plead guilty or that he believed that the prosecution could strike jurors based on race.

For the foregoing reasons, we conclude that the trial court correctly held that Appellant's claim of ineffective assistance of counsel was without merit. Accordingly, we affirm the trial court's order dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/29/20