J-S12024-19

2019 PA Super 243

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| GUILLERMO ISREAL VELAZQUEZ | : | No. 1705 MDA 2018 |

Appeal from the Order Entered September 19, 2018
In the Court of Common Pleas of Adams County Criminal Division at
No(s): CP-01-CR-0000747-2017

BEFORE: BOWES, J., DUBOW, J., and MUSMANNO, J.

OPINION BY DUBOW, J.:                    **FILED AUGUST 15, 2019**

The Commonwealth appeals from the Order entered September 19, 2018, granting the Petition for collateral relief filed by Guillermo Israel Velazquez under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

In October 2017, Velazquez entered into a negotiated guilty plea to charges of Simple Assault and Disorderly Conduct in exchange for 36 months of probation as well as recommended treatment for substance abuse and domestic violence.[1] N.T. Plea, 10/26/17, at 1-2. Following a colloquy, the trial court accepted the plea and imposed the agreed-upon sentence. *Id.* at 8. Velazquez did not appeal the Judgment of Sentence.

Velazquez is a resident alien. PCRA Ct. Op., 9/19/18, at 1. Following his plea, federal authorities arrested Velazquez on an immigration detainer

_____

[1] 18 Pa.C.S. §§ 2701(a)(3), 5503(a)(1), respectively.

based upon the charges to which he pleaded. Removal proceedings commenced, and Velazquez now faces deportation. *Id.* at 3.

In April 2018, Velazquez filed a Petition for collateral relief, asserting ineffective assistance of plea counsel. According to Velazquez, counsel failed to advise him properly of the immigration consequences of his plea. Petition, 4/30/18. Specifically, Velazquez averred, counsel advised him to plead guilty to Simple Assault, 18 Pa.C.S. § 2701(a)(3), based on counsel's determination that this particular section would not adversely affect his immigration status. Petition, 4/30/18, at 2-4. However, according to Velazquez, this advice was clearly erroneous and subjected him to deportation. *Id.* According to Velazquez, had he known of the immigration implications of his plea, he never would have agreed to plead guilty. *Id.* Thus, Velazquez averred, his plea was neither knowing nor voluntary. *Id.*

The PCRA court held an evidentiary hearing at which plea counsel testified. Counsel acknowledged that he knew Velazquez was not a United States citizen, that the charges against him could impact his immigration status, and that he was unsure which specific section or sections of the Simple Assault statute may constitute a deportable offense. N.T. PCRA, 7/19/18, at 35-36. Further, counsel conceded that he failed to follow express instructions from his superior to consult with an immigration attorney prior to Velazquez's plea hearing. *Id.* Nevertheless, counsel also acknowledged that he specifically advised Velazquez that Section 2701(a)(3) was not a deportable offense. *Id.* at 38.

Following the hearing, the PCRA court granted relief, vacating the Judgment of Sentence previously imposed and directing Velazquez to appear for further proceedings. PCRA Ct. Order, 9/19/18. The Commonwealth timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) Statement.[2]

In its appeal, the Commonwealth raises the following issue:

[Whether] the PCRA court err[ed] in granting relief to [Velazquez] on the basis of ineffective assistance of counsel[,] where plea counsel failed to explain the immigration consequences of a guilty plea but where [Velazquez] indicated orally and in writing prior to the entry of that plea his understanding that the entry of the plea may have immigration consequences[.]

Commonwealth's Br. at 6.

The Commonwealth asserts that the PCRA court erred in granting Velazquez relief. *Id.* at 8. We review an order granting or denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. ***Commonwealth v. Jarosz***, 152 A.3d 344, 350 (Pa. Super. 2016) (citing ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014)). We will not disturb the findings of the PCRA court unless there is no support for those findings in the record. ***Commonwealth v. Wah***, 42 A.3d 335, 338 (Pa. Super. 2012).

In his Petition, Velazquez contended that plea counsel was ineffective. We presume counsel is effective. ***Commonwealth v. Cox***, 983 A.2d 666, 678 (Pa. 2009). To overcome this presumption, "a PCRA petitioner must show

---

[2] Following its initial decision, the PCRA court issued no further Opinion in this matter.

the underlying claim has arguable merit, counsel's actions lacked any reasonable basis, and counsel's actions prejudiced the petitioner." ***Commonwealth v. Escobar***, 70 A.3d 838, 841 (Pa. Super. 2013) (citing ***Commonwealth v. Cox***, 983 A.2d 666, 678 (Pa. 2009). "Prejudice means that, absent counsel's conduct, there is a reasonable probability the outcome of the proceedings would have been different." ***Id.*** A claim will be denied if the petitioner fails to meet any one of these prongs. ***See Jarosz***, 152 A.3d at 350 (citing ***Commonwealth v. Daniels***, 963 A.2d 409, 419 (Pa. 2009)).

"[A] criminal defendant's right to effective counsel extends to the plea process, as well as during trial." ***Wah***, 42 A.3d at 338 (citations omitted). Under the PCRA, "[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused [the petitioner] to enter an involuntary or unknowing plea." ***Fears***, 86 A.3d at 806–07 (citation omitted). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." ***Wah***, 42 A.3d at 338-399 (citations omitted).

"[T]o establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." ***Commonwealth v. Brandt***, 74 A.3d 185, 192 (Pa. Super. 2013) (citations and internal quotation marks omitted). This is not a stringent requirement. ***Id.*** The

reasonable probability test refers to "a probability sufficient to undermine confidence in the outcome." *Id.* (citations omitted).

Here, the Commonwealth concedes that plea counsel's advice was deficient. Commonwealth's Br. at 8.[3] However, relying on excerpts from Velazquez's written and oral colloquies, the Commonwealth suggests we focus on his general awareness that a guilty plea could impact his immigration status. *Id.* at 10-12.

In his written colloquy, Velazquez acknowledged that he was not a U.S. citizen and stated the following:

> I understand that if I am not a citizen of the United States of America, my guilty plea or *nolo contendere* plea and/or sentencing may affect my immigration status and could result in possible deportation by the Federal Government.

Written Plea Colloquy, 10/26/17, at 3 (unpaginated). During his plea hearing, the trial court advised Velazquez further as follows:

> THE COURT: I do want to advise you, Mr. Velazquez, that your sentences in this case may impact your legal status in this country. If you would have any questions concerning the impact

---

[3] There can be no dispute that counsel's advice was clearly erroneous. 18 Pa.C.S. § 2701(a)(3) provides that "a person is guilty of assault if he . . . attempts by physical menace to put another in fear of imminent serious bodily injury[.]" The U.S. Court of Appeals for the Third Circuit has determined that a violation of this section constitutes an aggravated felony under 8 U.S.C. § 1101(a)(43) and, therefore, a deportable offense under 8 U.S.C. § 1227(a)(2)(A)(iii). **Singh v. Gonzales**, 432 F.3d 533, 540 (3d Cir. 2006). Further, in light of his failure to consult with an immigration expert, despite specific instructions to do so, counsel lacked a reasonable basis to advise Velazquez to plead guilty.

that these sentences should have upon you, you should consult with an attorney who specializes in immigration issues.

N.T. Plea at 7.

The Commonwealth implies that this general awareness is sufficient to ensure a knowing and voluntary plea. *See id.* at 13-15 (citing in support *Escobar*, 70 A.3d at 841). Thus, according to the Commonwealth, Velazquez's plea was valid, and no relief is due. *Id.* at 15.

For the following reasons, however, the Commonwealth's argument is not persuasive. Initially, we observe that its reliance on *Escobar* is misplaced. In that case, the defendant pleaded guilty to a narcotics offense. *Escobar*, 70 A.3d at 840. Following his plea, the federal government commenced deportation proceedings against him. *Id.* Escobar filed a petition for collateral relief, asserting that counsel's advice did not sufficiently inform him that deportation was a certainty. *Id.*

The PCRA court granted relief, but this Court reversed. *Id.* Distilling the United States Supreme Court's seminal opinion in *Padilla v. Kentucky*, 559 U.S. 356 (2010), into its essential holding, we determined that "counsel must inform a noncitizen defendant as to whether a plea carries a risk of deportation." *Escobar*, 70 A.3d at 841 (citing *Padilla*, 559 U.S. at 373-74).

The record established not only that counsel had informed Escobar that deportation proceedings were "likely and possible," but also that Escobar had signed a written plea colloquy indicating that he understood the risk. *Id.* at 840. Thus, Escobar was fully and specifically aware that his conviction made

him "deportable." *Id.* at 842. Under these circumstances, we determined that counsel incurred no further responsibility to advise or predict whether "actual deportation proceedings [were] a certainty," and we deemed counsel's representation constitutionally adequate. *Id.*

The facts here provide no similar assurance that counsel advised Velazquez that the specific charge to which he pleaded guilty was a deportable offense. To the contrary, when pressed by the court, counsel denied any such concern:

> THE COURT: . . . Are there any immigration issues in this matter?
>
> [Plea Counsel]: Your Honor, I don't believe so at this point based on what he pleaded to.

N.T. Plea at 7; *see also* N.T. PCRA at 38 (Counsel: "I told Mr. Velazquez that I did not believe that [18 Pa.C.S. § 2701(a)(3)] was a deportable offense."). Thus, counsel's representation of Velazquez was constitutionally deficient, in that he failed to inform Velazquez, a noncitizen defendant, that his plea carried a risk of deportation. *Cf. Escobar*.

Moreover, the Commonwealth's argument suffers from a second, more critical error in that it ignores the impact of counsel's clearly erroneous legal advice. Previously, we have not hesitated to afford a PCRA petitioner relief where counsel has affirmatively misled his client.

For example, in *Brandt*, a defendant faced revocation of his parole because he received new charges. *Brandt*, 74 A.3d at 188. Following negotiations with the Commonwealth, counsel assured the defendant that he

would receive a parole setback of no more than eleven months. *Id.* This assurance from counsel precipitated the defendant's plea. *Id.* Upon revoking the defendant's parole, however, the Parole Board ordered the defendant to serve approximately forty-one months in prison. *Id.* at 189. Thereafter, Brandt sought collateral relief through the PCRA, asserting ineffective assistance of plea counsel. *Id.* at 189-90.

The PCRA court denied relief. *Id.* at 190-91. In its view, the defendant knew he faced a parole violation and, further, that his ultimate setback was outside the control of the sentencing court. *Id.* at 195. Therefore, according to the PCRA court, the unanticipated severity of the Parole Board's decision provided no grounds for relief. *Id.*

On appeal, we reversed. In so doing, we observed that Brandt's claim "[was] not couched in terms of counsel's omission. Rather, [Brandt] argue[d] that plea counsel **affirmatively misled** [him]." *Id.* at 196 (emphasis in original). Under such circumstances, we held that "counsel's assistance is constitutionally ineffective when counsel misapprehends the consequences of a given plea and misleads his client accordingly about those consequences[.]" *Id.*; *see also, e.g.*, *Commonwealth v Rathfon*, 899 A.2d 365 (Pa. Super. 2006) (affirming the lower court's determination that counsel was ineffective where counsel erroneously advised that defendant's plea ensured that he would serve sentence in county prison); *Commonwealth v. Hickman*, 799 A.2d 136 (Pa. Super. 2002) (holding counsel ineffective and permitting

petitioner to withdraw plea where counsel erroneously had assured petitioner that he would be eligible for early release into boot camp).

In **Barndt**, a general awareness of the potential for adverse consequences from a plea was insufficient to establish a knowing plea where counsel had specifically advised that such concerns were unwarranted. Similarly here, we reject the Commonwealth's suggestion that the written and oral colloquies informed Velazquez of the potential risk of deportation. Rather, when balanced against counsel's clearly erroneous advice, which misled his client into believing that he faced no risk of deportation, we find that Velazquez's generalized awareness that a guilty plea could impact his immigration status was insufficient to ensure a knowing plea. **See Barndt**; **Rathfon**; **Hickman**; **see also, e.g.**, **Padilla**, 559 U.S. at 368 (finding constitutionally deficient counsel's "false assurance that [defendant's] conviction would not result in his removal from this country").

Finally, the Commonwealth does not dispute the PCRA court's conclusion that Velazquez suffered prejudice from counsel's deficient representation. **See generally** Commonwealth's Br. We need not address this requirement in detail but note the following.

The United States Supreme Court has recognized that the risk of deportation is unique among the potential consequences of a criminal conviction. **See Padilla**, 559 U.S. at 366. The Court went so far as to recognize that "preserving [a] client's right to remain in the United States may

be more important to the client than any potential jail sentence." *Id.* at 368 (quotation omitted).

Here, the PCRA court found that Velazquez's "primary concern . . . was the immigration consequences of his plea. Specifically, [Velazquez] did not want to be deported as a result of his guilty plea." PCRA Ct. Op. at 5-6. The record supports this finding. *See, e.g.*, N.T. PCRA at 18-19 (testimony regarding negotiations to ensure any plea agreement "would not impact [Velazquez's] immigration status"), 54 (testimony from Velazquez asserting that his concern, "as long as I can stay away from immigration status"). Further, Velazquez testified that he would not have pleaded guilty if he had known he would be deported. N.T. Plea at 57 ("I would have kept going and try [sic] to get something better."). The court credited this testimony. PCRA Ct. Op. at 6. As there is support for these findings in the record, we will not disturb them on appeal. *Wah*, 42 A.3d at 338.

Considering the severity of deportation, Velazquez's demonstrated concern to avoid it, and his credited testimony that he would have refused the plea agreement offered by the Commonwealth had he known that it would lead to his deportation, we discern no error in the PCRA court's conclusion that Velazquez established prejudice. *Jarosz*, 152 A.3d at 350; *Brandt*, 74 A.3d at 192. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/15/2019