J-S13031-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JORGE MORALES-GASPARINI | : | |
| | : | |
| Appellant | : | No. 1303 MDA 2019 |

Appeal from the PCRA Order Entered July 16, 2019
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0003144-2014

BEFORE:  STABILE, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                **FILED MARCH 27, 2020**

Jorge Morales-Gasparini (Morales-Gasparini) appeals *pro se* from the order entered by the Court of Common Pleas of Berks County (PCRA court) dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In April 2015, after Jorge Morales-Gasparini waived his right to a jury trial, the trial court held a bench trial.  The court convicted Morales-Gasparini of four counts each of delivery of a controlled substance, possession with intent to deliver a controlled substance and possession of a controlled substance, three counts of corrupt organizations, and one count each of criminal use of a communication facility and dealing in proceeds of unlawful

_____

[*] Retired Senior Judge assigned to the Superior Court.

activities. The conviction stems from Morales-Gasparini's participation in a narcotics organization, including providing transportation to and from drug transactions, answering the organization's phones to facilitate drug transactions, taking instructions from superiors, and being present when customers arrived to purchase drugs.

On May 21, 2015, the trial court sentenced Morales-Gasparini to an aggregate term of not less than 13 nor more than 30 years' imprisonment. This Court affirmed the judgment of sentence on October 11, 2017, and our Supreme Court denied his petition for allowance of appeal on March 21, 2018. (*See Commonwealth v. Morales-Gasparini*, 179 A.3d 552 (Pa. Super. 2017), *appeal denied*, 182 A.3d 994 (Pa. 2018)).

On August 3, 2018, Morales-Gasparini, acting *pro se*, filed the instant PCRA petition, arguing that trial counsel was ineffective for failing to raise the issue of lack of subject matter jurisdiction over his criminal proceeding. (*See* PCRA Petition, 8/03/18, at 4-12). Appointed counsel filed a motion to withdraw as counsel with a *Turner*/*Finley*[1] no merit letter averring that his review of the record revealed no meritorious issues that he could raise on Morales-Gasparini's behalf. On June 24, 2019, the PCRA court granted counsel's motion to withdraw and issued notice of its intent to dismiss the PCRA petition without a hearing. *See* Pa.R.Crim.P. 907(1).

_____

[1] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988).

Morales-Gasparini then filed a response to the Rule 907 Notice acknowledging his claim concerning the subject matter jurisdiction of the trial court was meritless because it was based on his misunderstanding of the law. (*See* Rule 907 Response, 7/05/19, at 4-6). Morales-Gasparini also requested leave to amend his PCRA petition to raise a cognizable claim but he did not identify that claim. On July 16, 2019, the PCRA court denied the request for leave to amend because Morales-Gasparini had substantial time to raise any arguments and entered the order dismissing the petition. (*See* Order, 7/16/19). This timely appeal followed. The PCRA court did not order Morales-Gasparini to file a Rule 1925(b) statement; it filed an opinion on August 19, 2019. *See* Pa.R.A.P. 1925(a)-(b).

"We review an order granting or denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error." *Commonwealth v. Velazquez*, 216 A.3d 1146, 1149 (Pa. Super. 2019) (citation omitted). "We will not disturb the findings of the PCRA court unless there is no support for those findings in the record." *Id.* (citation omitted).

In his appellate brief, Morales-Gasparini raises for the first time that (1) his counsel presented a deficient performance and rendered ineffective assistance of counsel; (2) his trial counsel and the Commonwealth attempted to make a plea agreement to avoid a bench or jury trial; (3) Counsel did not present an "actual innocence" defense; (4) counsel was ineffective because

he did not give Morales-Gasparini his discovery packet while the case was pending; (5) his sentence was an unbalanced mix of consecutive and concurrent sentences; (6) the evidence was not sufficient to prove the charges; and (7) other suspects were rounded up and entered plea agreements that "pointed the finger" at him.

At the outset, we note that because none of those issues was raised before the PCRA court, the claims are waived because they cannot be raised for the first time on appeal. **See** Pa.R.A.P. 302(a) (issues not raised in lower court are waived and cannot be raised for first time on appeal). We also note that issues 5, 6 and 7 are waived for the additional reason that they had to be raised in Morales-Gasparini's direct appeal. ("An issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal . . ."). 42 Pa. C.S. § 9544 (b).

Even if they had been raised, Morales-Gasparini's *pro se* brief is so rambling, disjointed and difficult to follow that we could not have conducted meaningful appellate review. It contains no coherent legal argument and lacks an argument section mirroring the seven questions raised in the statement of questions involved. **See** Pa.R.A.P. 2116(a); 2119(a)-(c). It makes vague, generalized, undeveloped claims that his counsel was ineffective, but does not develop them or show the actions complained of that prejudiced him. **See Commonwealth v. Jones**, 815 A.2d 598, 612 (Pa. 2002) (mere boilerplate

- 4 -

allegations are inadequate to meet the affirmative burden to rebut the presumption that lawyers are competent and effective).

"Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." ***Commonwealth v. Vurimindi***, 200 A.3d 1031, 1037 (Pa. Super. 2018), *appeal denied*, 217 A.3d 793 (Pa. 2019), *cert. denied sub nom.* ***Vurimindi v. Pennsylvania***, 2020 WL 873220 (U.S. 2020) (citation omitted). Accordingly, *pro se* litigants must comply with this Court's procedural rules; if there are considerable defects, the issues will be waived. ***See id***.; ***see also*** Pa.R.A.P. 2101. Accordingly, Morales-Gasparini's issues are waived on this basis as well.

Order affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 03/27/2020

- 5 -