J-S27036-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FAYSAL SALIM MUHAMMAD | : | |
| | : | |
| Appellant | : | No. 88 WDA 2021 |

Appeal from the PCRA Order Entered January 7, 2021
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001033-2017

BEFORE:   OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                **FILED: DECEMBER 17, 2021**

Appellant, Faysal Salim Muhammad, appeals from the order of the Court of Common Pleas of Erie County (trial court) that dismissed his first petition filed under the Post Conviction Relief Act ("PCRA").[1]  After careful review, we affirm.

Appellant was arrested on March 8, 2017, for possession of a controlled substance with intent to deliver (PWID), possession of a controlled substance, possession of drug paraphernalia, and possession of a firearm by a person prohibited, after he was found with approximately 20 grams of heroin on his person and a loaded gun was found in his hotel room.  Appellant was initially

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1]  42 Pa.C.S. §§ 9541–9546.

represented by a public defender, but terminated that representation in September 2017, and was represented by privately retained counsel until January 22, 2018. Following the withdrawal of privately retained counsel, Appellant was again represented by the same public defender. Appellant, however, was dissatisfied with counsel and requested to represent himself, and, at a **Grazier** hearing[2] at which he was fully advised of his rights and the risks of proceeding *pro se*, Appellant waived his right to counsel and undertook to represent himself. N.T., 4/11/18, at 2-3, 11-15.

While Appellant was representing himself, he filed a motion to dismiss asserting, *inter alia*, that the evidence on which the charges against him were based was illegally seized because the police did not obtain a warrant before entering his hotel room. Motion to Dismiss at 1, 5; N.T., 9/7/18, at 9-10, 18, 20-21, 23-25. The trial court held a hearing on that motion at which the officer who conducted the hotel room search and arrested Appellant testified, and, following that testimony, denied Appellant's motion. N.T., 9/7/18, at 10-22, 25; Trial Court Order, 9/10/18. Appellant, on October 1, 2018, filed an appeal from the order denying his motion to dismiss. On October 9, 2018, Appellant requested counsel and the same public defender was appointed to represent him. N.T., 10/9/18, at 22-30. This Court on November 19, 2018 quashed Appellant's appeal from the order denying the motion to dismiss as

---

[2] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

interlocutory. *Commonwealth v. Muhammad*, No. 1419 WDA 2018 Order (Pa. Super. filed November 19, 2018).

On December 5, 2018, Appellant, represented by counsel, entered a negotiated guilty plea to PWID and possession of a firearm by a person prohibited under a plea agreement that dismissed the possession of a controlled substance and possession of drug paraphernalia charges, reduced the amount of heroin on the PWID charge from 20 grams to 17.46 grams, and agreed for purposes of sentencing that the firearm would be treated as unloaded. N.T., 12/5/18, at 10-15; Plea Statement; Disposition Sheet. On February 25, 2019, the trial court sentenced Appellant to 2 to 4 years' incarceration for the PWID conviction and a consecutive term of 3 to 6 years' incarceration for the firearms offense, resulting in an aggregate sentence of 5 to 10 years' incarceration. N.T., 2/25/19, at 12-13; Sentencing Order. Appellant filed a timely motion for reconsideration of sentence seeking modification of the sentences to concurrent sentences, which the trial court denied on March 8, 2019.

Appellant did not timely appeal from his judgment of sentence, but filed a document captioned "Notice of Appeal" on April 29, 2019 asserting claims of ineffective assistance of trial counsel. The trial court ordered that this document be treated as a PCRA petition and appointed counsel to represent Appellant on this PCRA petition. Trial Court Order, 5/10/19. On July 17, 2019, PCRA counsel filed a supplemental PCRA petition that asserted that Appellant's

trial counsel was ineffective in failing to properly advise Appellant concerning the severity of the sentence he could receive and in failing to file a suppression motion. Supplemental PCRA Petition at 1-3.

The trial court, on September 24, 2019, issued a notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss Appellant's PCRA petition without a hearing on the ground that it was without merit, and on December 10, 2019, entered an order dismissing the PCRA petition. Trial Court Order, 9/24/19; Trial Court Order, 12/10/19. Appellant timely appealed the dismissal of his PCRA petition and this Court, on August 14, 2020, vacated the dismissal of Appellant's PCRA petition on the ground that the trial court had not held a hearing to determine whether Appellant, who had filed papers requesting to proceed *pro se*, knowingly, intelligently, and voluntarily waived his right to representation on his PCRA petition. ***Commonwealth v. Muhammad***, No. 33 WDA 2020, unpublished memorandum at 9-11 (Pa. Super. filed August 14, 2020). This Court remanded the case with instructions that the trial court hold a ***Grazier*** hearing and provide Appellant or his counsel 20 days to respond to the notice of intent to dismiss following that hearing. ***Id.*** at 11.

On remand, the trial court held a ***Grazier*** hearing at which Appellant confirmed that he wished to be represented by PCRA counsel. N.T., 9/25/20, at 2-4. On October 26, 2020, PCRA counsel filed a response to the trial court's notice of intent to dismiss in which he asserted that Appellant's trial counsel was ineffective because she did not pursue a motion to suppress, that there

- 4 -

was no litigation of a suppression motion, that the suppression issue had been waived by trial counsel's conduct, that Appellant was unaware at the time that he entered his guilty plea that there were grounds for suppression of evidence, and that his guilty plea was the result of trial counsel's waiver of the suppression issue. PCRA Counsel's Response to Rule 907 Notice at 2-3. On January 7, 2021, the trial court dismissed Appellant's PCRA petition. Trial Court Memorandum Order, 1/7/21. This timely appeal followed.

Appellant raises the following single issue for our review:

Whether the appellant was afforded ineffective assistance of counsel in that defense counsel failed to pursue a suppression motion on his behalf thereby rendering his subsequent guilty pleas as invalid in that the appellant could not enter an intelligent and voluntary plea under the circumstances of counsel negli[g]ently relinquishing a meritorious defense?

Appellant's Brief at 2 (unnecessary capitalization omitted).

We review the dismissal of a PCRA petition to determine whether the court's decision is supported by the record and free of legal error. *Commonwealth v. Staton*, 120 A.3d 277, 283 (Pa. 2015); *Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012). To be entitled to relief under the PCRA on a claim of ineffective assistance of counsel, the defendant must prove: (1) that the underlying legal claim is of arguable merit; (2) that counsel's action or inaction had no reasonable basis designed to effectuate his client's interests; and (3) that he suffered prejudice as a result of counsel's action or inaction. *Commonwealth v. Mason*, 130 A.3d 601, 618 (Pa. 2015); *Commonwealth v. Velazquez*, 216 A.3d 1146, 1149 (Pa. Super.

2019); *Wah*, 42 A.3d at 338. The defendant must satisfy all three prongs of this test to obtain relief under the PCRA. *Mason*, 130 A.3d at 618; *Velazquez*, 216 A.3d at 1149.

Where the defendant pleads guilty, ineffective assistance of counsel prior to or at the time of the plea can be a basis for PCRA relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. *Commonwealth v. Mitchell*, 105 A.3d 1257, 1272 (Pa. 2014); *Velazquez*, 216 A.3d at 1149; *Wah*, 42 A.3d at 338; *Commonwealth v. Bedell*, 954 A.2d 1209, 1212 (Pa. Super. 2008). To establish that a guilty plea is voluntary and knowing, the plea colloquy must ascertain the factual basis for the plea and that the defendant understands the nature of the charges to which he is pleading guilty, his right to a jury trial, the presumption of innocence, the sentencing ranges for the charges against him, and the plea court's power to deviate from any recommended sentence. *Commonwealth v. Flanagan*, 854 A.2d 489, 500 & n.8, 504 (Pa. 2004); *Commonwealth v. Reid*, 117 A.3d 777, 782 (Pa. Super. 2015); *Bedell*, 954 A.2d at 1212; *Commonwealth v. Morrison*, 878 A.2d 102, 107 (Pa. Super. 2005) (*en banc*); Comment to Pa.R.Crim.P. 590(A)(2). These matters may also be shown by a written plea colloquy read and signed by the defendant and made part of the record when supplemented by an oral, on-the-record examination. *Reid*, 117 A.3d at 782; *Morrison*, 878 A.2d at 108; Comment to Pa.R.Crim.P. 590(A)(2).

Here, the record shows that Appellant's guilty plea was voluntary and knowing. At the guilty plea hearing, the Commonwealth set forth the factual basis for the plea, the nature of the two charges to which Appellant was pleading guilty, the maximum possible sentences for those charges, and the nature of the plea agreement, and Appellant stated that he understood the charges, the plea agreement, and the maximum sentence that he could receive. N.T., 12/5/18, at 10-14. Appellant was also advised of his right to a jury trial and the presumption of innocence, that he was giving up those rights by pleading guilty, and that the plea court had the power to deviate from any recommended sentence, and he confirmed his understanding of those rights and that information. *Id.* at 5-7, 10. Appellant does not claim in his brief in this Court that trial counsel gave him any inaccurate information or inadequate advice concerning his plea or its consequences that caused him to plead guilty.

Rather, the claim of ineffective assistance of counsel that Appellant argues is that trial counsel's failure to file a motion to suppress evidence had deprived him of the ability to have the evidence against him excluded. Counsel's failure to seek suppression of evidence, however, does not automatically render a guilty plea involuntary or unknowing. *Commonwealth v. Jones*, 566 A.2d 893, 896 (Pa. Super. 1989). Moreover, the claim that Appellant was forced to plead guilty by waiver of the suppression issue or lack of awareness of this issue is contradicted by the record. The record shows that a motion to suppress was in fact filed by

Appellant when he was acting *pro se* and that the right to seek suppression had not been waived at the time that Appellant chose to accept a favorable plea deal. Motion to Dismiss at 1, 5; N.T., 9/7/18, at 9-25. The record also shows that Appellant believed in September 2018, less than three months before he chose to plead guilty, that he had a viable challenge to the evidence against him on the grounds that police lacked probable cause and failed to obtain a warrant for the search of his hotel room. N.T., 9/7/18, at 20-21, 23-26.

Appellant did not allege in his PCRA petition that trial counsel gave him any subsequent advice that he should plead guilty because he was unlikely to succeed on appeal in suppressing the evidence. To the contrary, the only advice of counsel that Appellant claimed misled him concerning his guilty plea consisted of alleged representations concerning the sentence he would receive. Supplemental PCRA Petition at 1-3; *Pro Se* PCRA Petition at 4-5. Appellant does not contend in this appeal that counsel's alleged advice concerning his sentence constitutes grounds for reversing the trial court's dismissal of his PCRA.

Because the record is clear that Appellant's guilty plea was voluntary and knowing and that Appellant's right to seek suppression of the evidence against him had not been waived and was known to him when he chose to plead guilty, trial counsel's alleged ineffectiveness for failure to file a motion

to suppress does not constitute grounds for PCRA relief. Accordingly, we affirm the trial court's dismissal of Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/17/2021