J-A14037-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN HENRY BOYD | : | |
| | : | |
| Appellant | : | No. 2475 EDA 2022 |

Appeal from the PCRA Order Entered September 21, 2022
In the Court of Common Pleas of Carbon County
Criminal Division at No(s):  CP-13-CR-0000859-2019

BEFORE:  PANELLA, P.J., DUBOW, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:            **FILED NOVEMBER 6, 2023**

John Henry Boyd ("Boyd") appeals from the order denying his Post Conviction Relief Act ("PCRA") petition.[1]  We affirm.

Boyd does not dispute the facts related to his guilty pleas, which establish that on April 7, 2019, Pennsylvania State Troopers Charles Inserra ("Trooper Inserra") and Ryan Brands (collectively, "the troopers") were on patrol in Carbon County when they saw a disabled BMW on the side of the road with a damaged front passenger fender.  The troopers found Boyd standing near the car.  *See* N.T., 5/11/20, at 3.

On the side of the road, the troopers found a motorcycle with extensive impact damage to its rear end.  The motorcycle's driver, Robert Charles Stewart ("Stewart") and his passenger, Heather J. Whitonis ("Whitonis") lay

_____

[1] *See* 42 Pa.C.S.A. §§  9541-9546.

on the ground seriously injured. Whitonis and Stewart, who smelled of alcohol, told the troopers the BMW struck their motorcycle from behind as they attempted to turn onto Rock Street from Interchange Road. Medical personnel transported Stewart and Whitonis to a nearby hospital. *See id*.

Boyd initially told the troopers Stewart's motorcycle crossed into his path as he turned onto Interchange Road *from* Rock Street, and he did not have time to stop. Trooper Inserra found collision debris and skid marks showing the initial impact of the BMW and motorcycle occurred on Interchange Road *before* the intersection with Rock Street, which was inconsistent with Boyd's account. The troopers also found an unopened six-pack of beer strewn on the roadway in the area of the collision. When told his account was inconsistent with the physical evidence, Boyd offered no alternate explanation. *See id*.

Boyd smelled very strongly of alcohol, his eyes were bloodshot and glassy, and his speech was slow and slurred. He admitted he had been drinking. Boyd agreed to take field sobriety tests, which he proved unable to perform. His preliminary blood test showed a blood alcohol content ("BAC") of .148. The troopers took him into custody. *See id*.

Trooper Inserra spoke with Whitonis the next day at the hospital where she was receiving treatment for broken ribs, a lacerated spleen, a lacerated renal vein, and a punctured lung. Whitonis said Stewart had been slowing down to make a turn onto Rock Street when the BMW struck the motorcycle

from the rear, dislodging her and Stewart. When Stewart regained consciousness from a coma that related to his broken back, fractured vertebra, fractured coccyx, lacerated spleen, and collapsed lung, he gave a similar account of the collision. **See id**.

Police charged Boyd with two counts of aggravated assault by vehicle while DUI ("AA-DUI"), DUI, simple assault, and several summary offenses. Boyd entered a negotiated guilty plea to DUI, simple assault, and a single count of AA-DUI, in exchange for the Commonwealth's agreement to enter a *nol pros* on the other charges and to recommend an aggregate two-to-four year term of imprisonment. In his written guilty plea colloquy, Boyd acknowledged his attorney ("plea counsel") explained the elements of the offenses to which he was pleading guilty, admitted he committed those offenses, and averred the elements of the crimes to which he was pleading had been explained to him. **See** Written Guilty Plea Colloquy, filed 5/13/20, at unnumbered 2. The trial court sentenced Boyd to two-to-six years of imprisonment.[2] Boyd did not file a direct appeal.

In May 2021, Boyd filed a *pro se* PCRA petition. In December 2021, privately-retained counsel ("PCRA counsel") filed a PCRA petition seeking leave to withdraw Boyd's guilty pleas. The petition alleged, *inter alia*, that

---

[2] Boyd filed a post-sentence motion to modify sentence, which exceeded the negotiated sentence. The court granted the motion and imposed the negotiated two-to-four-year term of imprisonment.

Boyd was not guilty of AA-DUI because Stewart's contributory negligence diminished or negated causation, Stewart was the cause of the collision, and plea counsel was ineffective for failing to advise him of or pursue those defenses. *See id*. at PCRA Petition, 12/14/21, at 3, 12-13.[3]

On March 31, 2022, the PCRA court held an evidentiary hearing on Boyd's petition. At the hearing, plea counsel stated that the *mens rea* for AA-DUI is gross negligence, and a conviction of that offense requires proof of causation, not merely intoxication. *See* N.T., 3/31/22, at 5-10. Plea counsel testified he was aware Stewart had been drinking and he and Boyd discussed a defense of contributory negligence, although plea counsel doubted Stewart's drinking would have been admissible at trial. *See id*. at 11-13. Plea counsel recalled Stewart's motorcycle was stopped at the time of the collision and saw no other basis to assert Stewart caused the collision, especially in light of the report he received from a defense accident reconstructionist that the motorcycle's tail-lights were functional. *See id*. at 13-14.[4] Plea counsel testified he believed causation of the collision was not much in dispute. *See id*. at 16.

_____

[3] Boyd also advanced claims relating to drug treatment and restitution but does not pursue those claims in this Court.

[4] The reconstructionist could not determine if the lights were on when the collision occurred. *See* N.T., 3/31/22, at 14.

Plea counsel testified the trial court had refused to accept a plea to the lesser charge of aggravated assault by vehicle, which lead to the negotiation that produced Boyd's plea. *See id*. at 43-44. Plea counsel also testified Boyd did not raise any questions or express any concerns about pleading guilty even after they reviewed the elements of the charges. *See id*. at 44-48.

Boyd testified he did not understand the elements of the crimes when he was charged. He said he assumed because Stewart had been drinking the case would result in a "no fault accident," which he said plea counsel's paralegal told him. *See id*. at 62-63, 73. Boyd testified he believed after discussions with plea counsel that proof of AA-DUI only required a showing that he drove while drunk, although he did not explicitly state that plea counsel told him so. He testified he had not seen the motorcycle, which was positioned over the crest of a hill, did not see the motorcycle's tail-light, and did not feel that his drinking impaired his driving. *See id*. at 64-66, 69-70.

Boyd filed a post-hearing brief in which he argued that plea counsel ineffectively advised him about the causation element of AA-DUI because the Commonwealth had no evidence that but for his intoxication the collision would not have occurred; he also argued principles of contributory negligence could have applied the case. *See* Boyd's Brief in Support of PCRA Petition, 4/18/22, at 2-7.

On August 25, 2022, the PCRA court entered an order denying Boyd's petition, and wrote an opinion in support of its order.[5] Boyd timely appealed and he and the PCRA court complied with Pa.R.A.P. 1925.

On appeal, Boyd presents the following issue for our review:

1. Is it reasonably probable that but for guilty plea counsel's failure to explain to [Boyd] the causation element applicable to the [AA-DUI] charge, [Boyd] would not have pleaded guilty and would have gone to trial?

Boyd's Brief at 3.

This Court's standard for reviewing the denial of PCRA relief is well-settled:

Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. . . . We view the record in the light most favorable to the prevailing party in the PCRA Court. . . We are bound by any credibility determinations made by the PCRA court where they are supported by the record. . . However, we review the PCRA court's legal conclusions *de novo*.

**Commonwealth v. Staton**, 184 A.3d 949, 954 (Pa. Super. 2018) (citation and quotations omitted).

As this Court has stated:

To obtain relief on a claim of ineffective assistance of counsel, a PCRA petitioner must . . . establish that: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different. . . If a claim fails under any required

---

[5] For reasons unexplained in the record, the order denying the petition was docketed on September 21, 2022.

element. . . the court may dismiss on that basis. . . Counsel is presumed to be effective, and the burden of demonstrating ineffectiveness rests on the appellant.

**Commonwealth v. Johnson**, 236 A.3d 63, 68 (Pa. Super. 2020) (*en banc*) (citations omitted). A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim. **See Commonwealth v. Solano**, 129 A.3d 1156, 1163 (Pa. 2015).

When a defendant enters a plea on counsel's advice, "the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." **Commonwealth v. Velazquez**, 216 A.3d 1146, 1149-50 (Pa. Super. 2019) (internal citations and quotation marks omitted). Allegations of ineffectiveness relating to the entry of a guilty plea may support relief where the ineffectiveness caused the petitioner to enter an involuntary or unknowing plea. **See id**; **Commonwealth v. Barndt**, 74 A.3d 185, 192 (Pa. Super. 2013) (to establish prejudice from counsel's inducement of a plea, the petitioner must show a reasonable probability that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial).

Plea counsel is not required to go to unnecessary lengths to discuss every nuance of the law regarding a defendant's waiver of his right to a jury trial in order to render a guilty plea voluntary and knowing. **See id**. at 193. This Court grants great deference to the PCRA court in reviewing claims of ineffectiveness concerning the entry of guilty pleas and affirms its orders if

they are supported by the record, even though the record may support a contrary result. *See Commonwealth v. Rathfon*, 899 A.2d 365, 370 (Pa. Super. 2006).

> AA-DUI is defined as follows:
>
> [a]ny person who negligently causes serious bodily injury to another person as the result of a violation of section 3802 (relating to driving under influence of alcohol or controlled substance) and who is convicted of violating section 3802 commits a felony of the second degree when the violation is the cause of the injury.

75 Pa.C.S.A. § 3735.1(a). Intoxication must be the cause of the collision. *See Commonwealth v. Tucker*, 106 A.3d 796, 798 (Pa. Super. 2014).

Boyd asserts plea counsel told him causation was a matter of strict liability. He asserts that but for counsel's failure to understand and explain the causation element of AA-DUI, which required but-for cause relating to his intoxication, it is reasonably probable he would not have pleaded guilty and gone to trial. Boyd also asserts that the Commonwealth had no proof that his intoxication was the but-for cause of the collision and cites his own testimony at the PCRA hearing that his alcohol impairment did not cause his inability to see the motorcycle with which he collided. *See* Boyd's Brief at 13, citing N.T., 3/31/22, at 65-66.

The PCRA court stated that having thoroughly reviewed pre-trial discovery, plea counsel believed that the evidence proved the requisite

causation. **See** Memorandum Opinion, 8/25/22, at 8-9.[6] The PCRA court rejected Boyd's ineffectiveness claim. It found plea counsel gave Boyd the evidence assessment and advice Boyd needed to make an informed decision to plead guilty. The PCRA court cited the compelling evidence supporting the reasonableness of a plea including that Boyd was following the victims when they slowed to make a turn, collided with the motorcycle,[7] drove under the influence of alcohol, and caused serious injuries to the victims. **See id**. at 8-10 (citation omitted). The PCRA court also stated Stewart's alleged contributory negligence was not a defense where Boyd's actions were a "direct and substantial factor" in causing the collision. **See id**. at 10.

We find no error in the PCRA court's denial of Boyd's ineffective assistance claim. First, we perceive no arguable merit to Boyd's claim plea counsel failed to explain the required causation to prove AA-DUI to him. Boyd did not testify about the specific nature of plea counsel's allegedly deficient advice, he only testified about his "impression" from their discussion. **See** N.T., 3/31/22, 63-64. Further, in his written colloquy, Boyd acknowledged that plea counsel explained the elements of the criminal offenses to which he was pleading guilty, admitted to committing those offenses, and admitted

---

[6] The PCRA court's 1925(a) opinion directed this Court's attention to its 8/25/22 Memorandum Opinion for an explanation of its reasoning. **See** Opinion, 11/15/22, at 3.

[7] The court mistakenly stated that each victim had a motorcycle. **See** Memorandum Opinion, 8/25/22, at 9.

"the legal elements explained to [him] making up those offenses, and that counsel explained the elements of the offenses to which he was pleading." *See* Written Guilty Plea Colloquy, 5/13/20, at 2 (unnumbered). In his oral colloquy, Boyd stated that the answers in his written colloquy were "truthful, correct and complete," and that he freely entered his plea. *See* N.T., 5/211/20, at 2-4. Boyd may not prevail on a claim that contradicts his prior admissions concerning his discussions with counsel. *See Commonwealth v. Pollard*, 832 A.2d 517, 523-24 (Pa. Super. 2011).[8]

Boyd additionally asserts the Commonwealth had no evidence that the collision would not have occurred but for his intoxication is premised on his own testimony at the evidentiary hearing and is contradicted by ample evidence permitting the inference his intoxication caused the collision. Boyd's alcohol impairment shortly after the collision, including his .148 BAC, slow and slurred speech, and inability to perform field sobriety tests, supported a finding that his intoxication caused the collision. Trooper Inserra found – from physical evidence at the scene supported by the victim's statements – that the collision had not occurred as Boyd claimed, *see* Affidavit of Probable Cause, 5/5/19, demonstrating Boyd's consciousness of guilt, *see*

_____

[8] That plea counsel stated, at an evidentiary hearing two years after trial, that causation was not much in dispute, and causation of the collision meant causation of the injuries, *see* N.T. 3/31/22, at 16, does not prove that plea counsel did not know that the statute required that DUI be the cause of the collision or that he failed to so advise Boyd.

- 10 -

*Commonwealth v. Ward*, 188 A.3d 1301, 1305 (Pa. Super. 2018). Finally, the accident-reconstruction expert plea counsel hired found the motorcycle's rear light was functional, *see* N.T., 3/31/22, at 14. In light of the other evidence, it is reasonable to infer that a sober person would likely have seen and reacted to the rear light sooner and avoided colliding with the motorcycle. Boyd's claim thus lacks arguable merit.

Boyd's claim also fails because he did not even attempt to prove counsel's lack of a reasonable basis for advising him to plead guilty, or that counsel's advice was not within the range of the competence demanded of attorneys in criminal cases. *See Velazquez*, 216 A.3d at 1149-50. His failure to do so is sufficient to defeat his claim without further analysis. *See Solano*, 129 A.3d at 1163.

Moreover, counsel's reasonable basis is apparent on the record. Evidence of DUI alone is strong evidence that the intoxication caused a subsequent collision. "[T]he fact that drinking can impair the ability to drive safely is a matter of common knowledge." *Commonwealth v. Ketterer*, 725 A.2d 801, 803 (Pa. Super. 1999). No one denies that Boyd was intoxicated, and plea counsel had ample reason, including Boyd's own false

statement to police about the collision, to believe that a fact-finder would convict Boyd of both counts of AA-DUI.[9]

Finally, Boyd failed to establish a reasonable probability that but for counsel's errors, he would have elected to take this matter to trial. **See Barndt**, 74 A.3d at 192. Thus, Boyd failed to demonstrate prejudice, and his ineffectiveness claim fails for this reason as well.

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/6/2023

---

[9] Plea counsel could reasonably have determined that Boyd's false statement about the cause of the collision, and unwillingness to take responsibility for his actions (as represented by his assertion that his drinking and Stewart's would result in a "no-fault accident") made him an unsympathetic defendant, making a plea advisable.

Plea counsel had yet another reasonable basis for recommending a plea deal. Boyd's actions severely injured two people and so outraged the plea court that it originally departed from the **negotiated** term of two-to-four years of imprisonment and imposed a sentence of two-to-six years of imprisonment. Those facts strongly suggested that counsel reasonably advised a plea that resulted in the dismissal of one of the two counts of AA-DUI.