J-S34029-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                               :      PENNSYLVANIA
                               :
              v.               :
                               :
                               :
                               :
STEVEN DEVON GREENFIELD        :
                               :
          Appellant            :  No. 1413 MDA 2024

Appeal from the PCRA Order Entered August 29, 2024
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s):  CP-21-CR-0003097-2017

BEFORE:  STABILE, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY SULLIVAN, J.:        **FILED: DECEMBER 1, 2025**

Steven Devon Greenfield ("Greenfield") appeals from the dismissal, following a hearing, of his petition filed under the Post Conviction Relief Act ("PCRA")[1] arising from his jury convictions for attempt to commit statutory sexual assault, involuntary deviate sexual intercourse with a child, involuntary deviate sexual intercourse, incest, endangering the welfare of children, indecent assault of a child, indecent assault, and corruption of minors. Because Greenfield's claims are meritless, we affirm.

A detailed recitation of the underlying factual history is not necessary for this appeal.  We briefly note a jury convicted Greenfield of the above offenses which resulted from the sexual abuse of his daughter, starting when

_____

[1] **See** 42 Pa.C.S.A. §§ 9541–9546.

A.G. ("the victim") was twelve. ***See*** N.T., 7/10/18, at 37-38. Greenfield's conduct with the victim was intertwined with his sexual relationship with the victim's friend, E.R. ***See*** PCRA Order, 8/29/24, at 4. When E.R. moved into Greenfield and the victim's home, "[E.R.] and [Greenfield] were in a sexual relationship and [Greenfield] would ask the [v]ictim to either sit in the room while [Greenfield] and [E.R.] had sex or sit outside the room to ensure no one intruded." ***See id***. at 5. E.R. testified Greenfield would have her and the victim "engage in sexual touching while he watched and joined." ***See id***.

Following his jury conviction, the trial court sentenced Greenfield to an aggregate term of eight-and-a-half to seventeen years in prison. The trial court also ordered Greenfield to comply with Tier III Sex Offender Registration and Notification Act ("SORNA") requirements. ***See*** Order, 10/19/18.

Greenfield, through new counsel, timely appealed. This Court affirmed the judgment of sentence in March 2020; the Supreme Court subsequently denied leave to appeal. Greenfield filed a timely PCRA petition. The PCRA court appointed counsel who filed an amended PCRA petition, and the court held an evidentiary hearing. The court ultimately denied the petition.

On appeal, Greenfield raises the following issue for our review:

Whether the PCRA [c]ourt erred in denying [Greenfield] a new trial when counsel provided ineffective assistance of counsel by failing to request a jury instruction related to accomplice testimony where the evidence at trial led to a reasonable finding that [E.R.] was an accomplice?

Greenfield's Brief, at 4.

We review ineffectiveness claims under the following standard:

> Appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of whether the PCRA court's determination is supported by the record and free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding. In contrast, we review the PCRA court's legal conclusions *de novo*.

***Commonwealth v. Maxwell***, 232 A.3d 739, 744 (Pa. Super. 2020) (*en banc*)

(internal citations and quotation marks omitted). Further, a "PCRA court's

credibility findings are to be accorded great deference, and where supported

by the record, such determinations are binding on a reviewing court."

***Commonwealth v. Williams***, 141 A.3d 440, 452 (Pa. 2016).

> With respect to claims of ineffective assistance of counsel,
>
> counsel is presumed to have been effective and [ ] the petitioner bears the burden of proving counsel's alleged ineffectiveness. To overcome this presumption, a petitioner must establish that: (1) the underlying substantive claim has arguable merit; (2) counsel did not have a reasonable basis for his or her act or omission; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance, that is, a reasonable probability that but for counsel's act or omission, the outcome of the proceeding would have been different. A PCRA petitioner must address each of these prongs on appeal. A petitioner's failure to satisfy any prong of this test is fatal to the claim.

***Commonwealth v. Wholaver***, 177 A.3d 136, 144 (Pa. 2018) (citations

omitted). The reasonable probability test refers to a probability sufficient to

undermine confidence in the outcome. ***See Commonwealth v. Velazquez***,

216 A.3d 1146, 1150 (Pa. Super. 2019) (citation omitted).

We need not analyze the prongs of an ineffectiveness claim in any particular order. Rather, we may discuss any prong that an appellant cannot satisfy under the prevailing law and the applicable facts and circumstances of the case first. **See Commonwealth v. Evans**, 303 A.3d 175, 182 (Pa. Super. 2023) (internal citation omitted); **Commonwealth v. Johnson**, 289 a.3d 959, 979-80 (Pa. 2023) (stating the failure to satisfy any of the three prongs supports the denial of the claim without further discussion). Counsel cannot be deemed ineffective for failing to raise a meritless claim. **See Commonwealth v. Kapellusch**, 323 A.3d 837, 847 (Pa. Super. 2024) (internal citation omitted).

It is well settled a defendant is generally entitled to a requested jury instruction if the evidence supports the instruction. **See Commonwealth v. Cole**, 227 A.3d 336, 340 (Pa. Super. 2020) (discussing a claim trial counsel was ineffective for failing to request a *crimen falsi* instruction); **see also Commonwealth v. Harris**, 852 A.2d 1168, 1176 (Pa. 2004) (discussing a claim trial counsel was ineffective for failing to request an instruction informing the jury it was permitted to find a witnesses who had pending charges against him was biased in favor of the Commonwealth).

Greenfield claims trial counsel was ineffective for failing to request a jury instruction for accomplice liability when the evidence at trial was sufficient to establish E.R. acted as an accomplice. **See** Greenfield's Brief, at 8.

The PCRA court summarized trial counsel's testimony at the hearing as follows:

> [Trial counsel (Steven Stottlemyer)] had been engaged in the practice of criminal defense law since January of 2012[] and had commenced his representation of [Greenfield] in this case after it had been bound over for court. His representation of [Greenfield] had continued through the trial.
>
> * * * *
>
> [Regarding the] charges that had been brought against [E.R.] of corruption of minors, intimidation, retaliation[,] or obstruction in child abuse cases and criminal solicitation to tampering with or fabricating physical evidence, he did not recall whether he had given consideration to requesting an accomplice witness instruction with respect to her testimony, but noted that the impact of these charges upon her credibility had been argued to the jury.

PCRA Order, 8/29/24, at 12-14 (record citations omitted).

The PCRA court concluded Greenfield's ineffectiveness claim was without merit:

> [W]ith respect to the allegation of ineffectiveness based upon a failure to request an instruction on accomplice testimony in connection with the testimony of [E.R.], who testified, *inter alia*, that the [v]ictim had served as a lookout during sexual activity between [Greenfield] and her, it may be doubted that [E.R.] qualified as an accomplice of [Greenfield] in his commission of crimes against the [v]ictim, and[,] in any event[,] the issue of a lack of credibility on the part of the witness due to charges against her was placed before the jury, by the evidence, counsel, and the court's general credibility instruction.
>
> * * * *
>
> Based upon the foregoing, it does not appear to the court that [Greenfield] has met his burden of demonstrating that . . . his trial counsel . . . was ineffective, not [sic] does it appear to the

court that any actions or inactions of counsel undermined the truth determining process in [Greenfield's] case.

PCRA Order, 8/29/24, at 18-19 (italics added).

We agree with the PCRA court that Greenfield failed to prove an ineffectiveness claim. First, Greenfield fails to show he was prejudiced by counsel not requesting an accomplice instruction. "[I]n cases addressing sexually-based offenses, the uncorroborated testimony of the complainant, if believed by the finder of fact, is sufficient to warrant a conviction." *See Commonwealth v. Lawrence*, 313 A.3d 265, 278 (Pa. Super. 2024), *appeal denied*, 327 A.3d 616 (Pa. 2024); *see also* N.T., 7/12/18, at 164-65 ("The testimony of [the victim] standing alone if believed by [the jury] is sufficient proof upon which to find [Greenfield] guilty in this case. The testimony of the victim in a case such as this need not be supported by other evidence to sustain a conviction."). Greenfield asserts E.R. was the sole corroborating direct witness to the victim's testimony, and her testimony fundamentally affected the outcome of the case but fails to show why the victim's testimony on its own was insufficient to support his conviction. *See* Greenfield's Brief, at 12-13; *cf*. 18 Pa.C.S.A. § 3106 (providing testimony of sex offense victim need not be corroborated). Further, E.R.'s credibility had been called into question by trial counsel several times throughout trial, specifically related to the pending charges against her. *See* N.T., 7/11/18, at 14-15, 142-44, 158-

59.[2] Trial counsel attempted to show E.R.'s bias and motive to testify against Greenfield. **See** N.T., 7/12/18, at 126, 130-31, 134. Thus, the question of credibility **had** been raised to the jury, and the court gave the jury instructions, including a witness's interest in the outcome of the case, bias, prejudice, or motive. **See** N.T., 7/12/18, at 159-62. The jury, "while passing upon the credibility of the witness and the weight of the evidence, [was] free to believe all, part, or none of the evidence." **Commonwealth v. Sanchez**, 82 A.3d 943, 967 (Pa. 2013). Thus, Greenfield failed to demonstrate that, had the jury been instructed on accomplice liability, there was sufficient probability the outcome of the proceedings would have been different.

Additionally, Greenfield failed to establish E.R.'s conduct regarding the victim could constitute the act of an accomplice. **See Commonwealth v. Smith**, 17 A.3d 873, 906 (Pa. 2011) (citing **Commonwealth v. Chmiel**, 639 A.2d 9, 13 (Pa. 1994)) (explaining an accomplice charge is required when the facts permit an inference the witness was an accomplice). The police considered E.R. to be a victim of Greenfield after their investigation. **See** Commonwealth's Brief at 19. Greenfield started a romantic relationship with E.R. when she was seventeen—a minor—and had her "do research to see if he was able to have a sexual relationship with [her] at seventeen . . . ." N.T., 7/10/18, at 186-87. E.R. faced charges relating to an earlier investigation of

---

[2] As discussed, *infra*, E.R. faced charges relating to acts unrelated to the charges of abuse for which Greenfield was tried.

abuse but did not face charges relating to the second, separate report for which Greenfield was tried.[3] **See** Commonwealth's Brief at 19. Further, the PCRA court regarded it as "doubt[ful] that E.R. qualified as an accomplice of [Greenfield] in his commission of crimes against the [v]ictim . . . ." PCRA Order, 8/29/24, at 19. Finally, the Commonwealth did not charge E.R. as an accomplice or co-conspirator of Greenfield for the charges the jury considered. **See** Commonwealth's Brief at 19. Thus, because the evidence did not support the giving of the instruction, counsel was not ineffective for failing to request it. **See Commonwealth v. Collins**, 957 A.2d 237, 262 (Pa. 2008) (explaining the accomplice instruction is appropriate only where there is sufficient evidence to present a jury question with respect to whether the witness is indeed the defendant's accomplice to a crime).

Additionally, the requested charge "is designed specifically to address situations where **one accomplice testifies against the other to obtain favorable treatment**." **Smith**, 17 A.3d at 906 (emphasis added). The investigating detective testified E.R. was made no promises and there was no understanding that, in exchange for testifying against Greenfield, she would receive a deal in the criminal charges against her. **See** N.T., 7/11/18, at 122.

---

[3] E.R. was charged with corruption of minors, intimidating, retaliation, or obstruction in child abuse, and criminal solicitation to tampering or fabricating evidence, relating in part to Greenfield "[t]elling [her] to delete everything out of her phone[] and telling [E.R.] to tell [the victim] to delete everything out of her phone." **See** N.T., 7/10/18, at 210-11; N.T., 5/13/24, at 29.

Because Greenfield has not shown E.R. qualified as an accomplice, his underlying claim has no merit. Thus, counsel cannot be deemed ineffective. *See, e.g.*, *Commonwealth v. Rivera*, 199 A.3d 365, 384 (Pa. 2018); *accord Commonwealth v. Loner*, 836 A.2d 125, 132 (Pa. Super. 2003) ("Counsel cannot be deemed ineffective for failing to pursue a meritless claim.").

Because Greenfield has not demonstrated trial counsel was ineffective, the PCRA court did not err in denying his PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 12/01/2025