J-S31038-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LINZIE BROGDON | : | |
| | : | |
| Appellant | : | No. 1909 EDA 2021 |

Appeal from the PCRA Order Entered July 22, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0001708-2017

BEFORE:  OLSON, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED JANUARY 04, 2024**

Linzie Brogdon appeals *pro se* from the order denying his Post Conviction

Relief Act ("PCRA") petition. ***See*** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court summarized the facts as follows:

[A] male complainant was robbed at gunpoint on October 29, 2016, near the 2900 block of Howard Street in Philadelphia. An uninvolved witness and an alleged co[-]conspirator, Reginald Carroll, separately reported to police that [Brogdon] had been involved in the robbery. Based on this information, "police had probable cause to arrest [Brogdon]."

On October 30, 2016, Officer Stephen Bennis and his partner patrolled the area of 2900 Howard Street, where they observed [Brogdon] travelling southbound on a bicycle. When the officers attempted to arrest [Brogdon], he physically resisted, "locked his arms up tight and began [to] pull[] them forward," and tried to reach inside of his coat pocket. At some point during the struggle, a loaded, .380 caliber firearm fell from [Brogdon's] jacket. The officers eventually subdued [Brogdon] and placed him under arrest. At trial, the parties stipulated that [Brogdon] was ineligible to possess a firearm due to a prior conviction. . . .

> On November 27, 2017, following a waiver trial, this court found [Brogdon] guilty of persons not to possess a firearm, 18 Pa.C.S.A. § 6105 []; carrying firearms without a license, 18 Pa.C.S.A. § 6106 []; carrying firearms in public in Philadelphia, 18 Pa.C.S.A. § 6108 []; and resisting arrest, 18 Pa.C.S.A. § 5104. On April 6, 2018, this court sentenced [Brogdon] to four to eight years of incarceration, followed by five years of probation.

PCRA Court Opinion, filed Dec. 16, 2021, at 1-2 (citations omitted).

Brogdon filed a direct appeal, and this Court affirmed his judgment of sentence. **See Commonwealth v. Brogdon**, 220 A.3d 592, 594 (Pa.Super. 2019). Brogdon filed a petition for allowance of appeal in the Pennsylvania Supreme Court, which was denied on March 9, 2020. **See Commonwealth v. Brogdon**, 226 A.3d 967 (Table) (Pa. 2020).

In February 2021, Brogdon filed a *pro se* PCRA petition. Counsel was appointed and, in June 2021, filed a **Finley**[1]/no-merit letter and a petition for leave to withdraw as counsel. The court thereafter issued a Rule 907 notice of intent to dismiss the petition without a hearing. **See** Pa.R.Crim.P. 907(1). Brogdon filed a *pro se* response to the Rule 907 notice. The court dismissed Brogdon's petition on July 22, 2021, and granted counsel's petition to withdraw. This appeal followed.

Brogdon raises the following issues:

I.    Was PCRA counsel constitutionally ineffective when he abandoned [Brogdon] and did not do what he is prescribed to do, contact [Brogdon], review [Brogdon's] file (notes of testimony, motions, informations, indictment, etc.[),] and

---

[1] **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

to make sure that [Brogdon's] issues were written in acceptable legal terms[?]

II. Was PCRA counsel constitutionally ineffective[] when he filed a *Finley* letter, when [Brogdon] had the following meritorious issues?

a. Was all prior counsel constitutionally ineffective for failing to file a motion for immediate release, due to prosecutorial misconduct, when the Commonwealth held [Brogdon] hostage, in prison from October 30, 2016 until February 1, 2017 without an arrest warrant, information, or indictment, until they finally charged [Brogdon] on February 1, 2017, which is evident from the February 1, 2017 Information violating [Brogdon's] 4th, 5th, 6th, 8th and 14th Amendment rights and for failing to argue this on appeal?

b. Was all prior counsel constitutionally ineffective when they failed to file a motion to quash the indictment/information, because the Commonwealth committed a fraud on the court, when they were having illegal court proceedings and waited for the preliminary hearing judge to issue a must be tried order to finally charge [Brogdon] and then asked for a continuance to investigate, violating [Brogdon's] 4th, 5th, 6th, 8th and 14th Amendment rights and for failing to argue this on appeal?

c. Was trial counsel constitutionally ineffective for failing to object to the prosecutor's failure to turn over the arresting and testifying officers['] personnel file[s] violating [Brogdon's] 4th, 5th, 6th, 8th and 14th Amendment rights and for failing to argue this on appeal?

d. Did the Commonwealth commit a *Brady* violation when [it] failed to turn over the arresting officers and testifying officer[s'] personnel[] files, when [it] turned over discovery, pursuant to law and the Pennsylvania Constitution, which violated [Brogdon's] 4th, 5th, 6th, 8th and 14th Amendment rights?

e. Was all prior counsel constitutionally ineffective when they failed to object and file a motion to dismiss the case, when the trial court lacked subject matter jurisdiction to try [Brogdon] on the firearms charge due to double

- 3 -

jeopardy[,] violating [his] 4th, 5th, 6th, 8th and 14th Amendment rights and for failing to argue this on appeal?

f. Was all prior counsel constitutionally ineffective for failure to argue at trial and on appeal that the arresting officer planted a gun on [Brogdon] to make his illegal arrest stick because he thought [Brogdon] shot at a cop?

g. Was all prior counsel constitutionally ineffective when they failed to object and file a motion to dismiss and argue on appeal the D.A. having an *ex parte* conversation with the trial court, asking the court to cover[]up the D.A.'s actions of violating [Brogdon's] constitutional rights after being unlawfully held for over three months under an illegal arrest which violated [Brogdon's] 4th, 5th, 6th, 8th and 14th Amendment rights and for failing to argue this on appeal?

Brogdon's Br. at 6-7.

On appeal from the denial or grant of relief under the PCRA, our review is limited to determining "whether the PCRA court's ruling is supported by the record and free of legal error." **Commonwealth v. Presley**, 193 A.3d 436, 442 (Pa.Super. 2018) (citation omitted).

Brogdon concedes that he has waived issues I, II(f), and II(g). **See** Brogdon's Br. at 11, 24-25. His remaining issues allege ineffectiveness of counsel.

"[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on [the] appellant." **Commonwealth v. Rivera**, 10 A.3d 1276, 1279 (Pa.Super. 2010). To obtain relief based on a claim of ineffectiveness, a petitioner must establish: "(1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result." **Commonwealth**

*v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). Prejudice in this context means that, "absent counsel's conduct, there is a reasonable probability the outcome of the proceedings would have been different." *Commonwealth v. Velazquez*, 216 A.3d 1146, 1149 (Pa.Super. 2019) (citation omitted). A failure to meet any of these prongs bars a petitioner from obtaining relief. *Commonwealth v. Sneed*, 45 A.3d 1096, 1106 (Pa. 2012). Further, "[c]ounsel will not be deemed ineffective for failing to raise a meritless claim." *Commonwealth v. Spotz*, 896 A.2d 1191, 1210 (Pa. 2006).

In issue II(a), Brogdon argues he was illegally incarcerated "without an arrest warrant, information or indictment" between the time of his arrest on October 30, 2016 until late February 2017 when his case was held for court. Brogdon's Br. at 11-13. He contends that trial counsel, appellate counsel, and PCRA counsel were ineffective for failing to challenge the validity of his pretrial detention. *Id.* at 13-14.

An arrest may be made without a warrant if there is probable cause. *See* Pa.R.Crim.P. 502(2)(b). Probable cause exists "when the facts and circumstances which are within the knowledge of the officer at the time of the arrest, and of which he has reasonably trustworthy information, are sufficient to warrant a man of reasonable caution in the belief that the suspect has committed or is committing a crime." *Commonwealth v. Thompson*, 985 A.2d 928, 931 (Pa. 2009) (internal quotation marks and citation omitted).

Here, although Brogdon was arrested without a warrant, this Court determined on direct appeal that probable cause existed to support his

warrantless arrest. ***See Brogdon***, 220 A.3d at 601. Thus, Brogdon was not unlawfully detained since his detention was supported by probable cause. Accordingly, his ineffectiveness of counsel claim fails since counsel cannot be ineffective for failing to raise a meritless claim. ***See Spotz***, 896 A.2d at 1210.

In issue II(b), Brogdon claims that all prior counsel were "ineffective when they failed to file a motion to quash the indictment/information, because the Commonwealth committed a fraud on the court, when they were having illegal court proceedings and waited for the preliminary hearing judge to issue a must be tried order to finally charge [Brogdon] and then asked for a continuance to investigate[.]" Brogdon's Br. at 15.

This claim is vague and undeveloped. To the extent that we can discern from his brief, Brogdon claims that since the Commonwealth terminated a separate case against him, counsel should have filed a motion to quash the indictment in the current case on double jeopardy grounds. ***Id.*** at 16. However, he offers no evidence in support of any alleged double jeopardy implications and makes contradictory statements as to the applicability of double jeopardy in this case. ***See id.*** at 16-17.

"Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." ***Commonwealth v. Adams***, 882 A.2d 496, 498 (Pa.Super. 2005). "[I]t is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities."

*Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa.Super. 2007) (internal citation omitted). If a deficient brief impedes this Court's ability to address any issue on review, "an issue that is not properly briefed in this manner is considered waived." *Commonwealth v. Gould*, 912 A.2d 869, 873 (Pa.Super. 2006). Accordingly, this claim is waived.

We next address issues II(c) and II(d) together since they both contend that counsel was ineffective for failing to allege a *Brady*[2] violation when the prosecutor failed to turn over the arresting and testifying officers' personnel files. Brogdon's entire claim in this regard is that the "files were pertinent and necessary for both exculpatory and/or impeaching where a large number of Philadelphia Police are being exposed for corruption and the planting of evidence and [Brogdon] has [alleged] that the arresting officers planted a firearm on him." Brogdon's Br. at 20.

"To establish a *Brady* violation, an appellant must prove three elements: (1) the evidence at issue is favorable to the accused, either because it is exculpatory or because it impeaches; (2) the evidence was suppressed by the prosecution, either willfully or inadvertently; and (3) prejudice ensued." *Commonwealth v. Spotz*, 47 A.3d 63, 84 (Pa. 2012). "As to *Brady* claims advanced under the PCRA, a defendant must demonstrate that the alleged *Brady* violation so undermined the truth-determining process that no reliable

_____

[2] *Brady v. Maryland*, 373 U.S. 83 (1963).

- 7 -

adjudication of guilt or innocence could have taken place." **Commonwealth v. Ly**, 980 A.2d 61, 76 (Pa. 2009) (citation omitted).

Here, Brogdon's **Brady** challenge is conclusory and speculative. He has not identified the alleged exculpatory or impeachment information that might appear in the officers' personnel files. Further, Brogdon in effect impermissibly asks us to assume misconduct occurred in his case because the Philadelphia police were allegedly corrupt in other cases. Such a claim is insufficient to establish a **Brady** violation. Thus, Brogdon's ineffectiveness claim fails, as counsel cannot be ineffective for failing to raise a meritless claim. **See Spotz**, 896 A.2d at 1210.

Brogdon's final claim, in issue II(e), alleges that all prior counsel were "ineffective when they failed to object and file a motion to dismiss the case, when the trial court lacked subject matter jurisdiction to try [Brogdon] on the firearms charge due to double jeopardy[.]" Brogdon's Br. at 22.

Again, Brogdon's claim is conclusory and undeveloped. He baldly alleges that the trial court "did not possess jurisdiction to hold trial in this matter," **see id.** at 23, without any meaningful support for this claim. Accordingly, this claim is waived. Moreover, Brogdon was charged under the Crimes Code, and "[a]ll courts of common pleas have statewide subject matter jurisdiction in cases arising under the Crimes Code." **Commonwealth v. Gross**, 101 A.3d 28, 32 (Pa. 2014) (quoting **Commonwealth v. Bethea**, 828 A.2d 1066, 1074 (Pa. 2003)).

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/4/2024