J-S11041-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LAKESHA MCGRUDER | : | |
| | : | |
| Appellant | : | No. 2845 EDA 2022 |

Appeal from the PCRA Order Entered October 14, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0005032-2019

BEFORE:   BOWES, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED SEPTEMBER 6, 2024**

Appellant, Lakesha McGruder, appeals, *pro se*, from the order of the Court of Common Pleas of Philadelphia County that dismissed her first petition filed under the Post Conviction Relief Act (PCRA)[1] without a hearing.  After careful review, we affirm.

In 2019, Appellant was charged with murder, conspiracy, burglary, and robbery for the 2017 shooting death of a 65-year-old woman (Victim) during a home invasion burglary.  On December 1, 2021, Appellant entered a negotiated guilty plea to one count each of third-degree murder, conspiracy to commit burglary, and burglary in exchange for the Commonwealth dropping

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1]  42 Pa.C.S. §§ 9541–9546.

all other charges, which included first-degree and second-degree murder, and the imposition of an aggregate sentence of 10 to 30 years' incarceration. N.T. Guilty Plea and Sentencing at 24-27. On the same day, the trial court sentenced Appellant in accordance with the plea agreement. *Id.* at 44-46. Appellant filed no post-sentence motions and no direct appeal.

On July 6, 2022, Appellant filed a timely, *pro se* PCRA petition claiming that her trial counsel was ineffective with respect to her guilty plea. The court appointed PCRA counsel to represent Appellant, and PCRA counsel on August 9, 2022 filed a no-merit letter and application to withdraw as counsel. On September 8, 2022, the PCRA court issued a notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss this PCRA petition without a hearing on the ground that the PCRA petition raised no meritorious claims. Appellant filed a response asserting that trial counsel was ineffective in advising her to enter the negotiated plea because the evidence set forth at her plea hearing was allegedly insufficient to support a conviction of any of the crimes with which she had been charged. On October 14, 2022, the PCRA court granted PCRA counsel's motion to withdraw and dismissed Appellant's PCRA petition. This timely appeal followed.

In this Court, Appellant argues that her ineffective assistance of counsel claim was meritorious and that the PCRA court therefore erred in dismissing her PCRA petition because the crimes were committed by other individuals and that she was merely present in the area where the crimes were

committed. We review the dismissal of a PCRA petition to determine whether the court's decision is supported by the record and free of legal error. ***Commonwealth v. Staton***, 120 A.3d 277, 283 (Pa. 2015); ***Commonwealth v. Wah***, 42 A.3d 335, 338 (Pa. Super. 2012). A court may properly dismiss a PCRA claim without a hearing where it is clear from the record that the claim is patently without merit. Pa.R.Crim.P. 907(1); ***Wah***, 42 A.3d at 338.

Appellant's only PCRA claim was that trial counsel was ineffective in advising her to enter the negotiated guilty plea. To be entitled to relief on a claim of ineffective assistance of counsel, the defendant must prove: (1) that the underlying legal claim is of arguable merit; (2) that counsel's action had no reasonable basis; and (3) that she suffered prejudice as a result of counsel's action. ***Commonwealth v. Mason***, 130 A.3d 601, 618 (Pa. 2015); ***Commonwealth v. Velazquez***, 216 A.3d 1146, 1149 (Pa. Super. 2019); ***Commonwealth v. Johnson***, 179 A.3d 1153, 1158 (Pa. Super. 2018); ***Wah***, 42 A.3d at 338. The defendant must satisfy all three prongs of this test to obtain relief under the PCRA. ***Mason***, 130 A.3d at 618; ***Commonwealth v. Pitt***, 313 A.3d 287, 293 (Pa. Super. 2024); ***Johnson***, 179 A.3d at 1158.

In addition, ineffective assistance of counsel with respect to a plea of guilty can be a basis for PCRA relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. ***Velazquez***, 216 A.3d at 1149; ***Commonwealth v. Orlando***, 156 A.3d 1274, 1281 (Pa. Super. 2017); ***Wah***, 42 A.3d at 338. To establish that a guilty plea is voluntary and

knowing, the trial court must conduct a colloquy that shows the factual basis for the plea and demonstrates that the defendant understands the nature of the charges to which he is pleading guilty, his right to a jury trial, the presumption of innocence, the permissible sentencing range for the charges, and the court's power to reject the terms of a plea agreement. *Commonwealth v. Felix*, 303 A.3d 816, 820 (Pa. Super. 2023); *Commonwealth v. Jamison*, 284 A.3d 501, 506 (Pa. Super. 2022); *Commonwealth v. Morrison*, 878 A.2d 102, 107 (Pa. Super. 2005) (*en banc*); Comment to Pa.R.Crim.P. 590. These matters may also be shown by a written plea colloquy read and signed by the defendant that is made part of the record and is supplemented by an on-the-record oral examination. *Jamison*, 284 A.3d 506; *Commonwealth v. Reid*, 117 A.3d 777, 782 (Pa. Super. 2015); *Morrison*, 878 A.2d at 108-09; Comment to Pa.R.Crim.P. 590. A defendant is bound by her statements during her plea colloquy and cannot assert challenges to her plea that contradict the statements that she made when she entered the plea. *Jamison*, 284 A.3d at 506; *Commonwealth v. Jabbie*, 200 A.3d 500, 506 (Pa. Super. 2018); *Orlando*, 156 A.3d at 1281.

The record here demonstrates that Appellant's guilty plea was voluntary and knowing. The factual basis for the plea and the nature of the charges to which Appellant was pleading guilty were placed on the record, and Appellant confirmed that she understood the factual basis for the plea and the nature of those charges. N.T. Guilty Plea and Sentencing at 11-13, 17-24. The

maximum sentence for each of those charges was also explained to Appellant. *Id.* at 11, 17-19. At the plea hearing and in the written colloquy that she signed, Appellant was advised of her right to a jury trial and the presumption of innocence, confirmed that she understood those rights and that she was giving them up in pleading guilty, and confirmed that she understood that the trial court was not required to accept the plea agreement. *Id.* at 8-11; Written Plea Colloquy at 3-6. Appellant also confirmed that she wished to plead guilty, that she was not suffering from any condition that impaired her ability to make this decision, and that she was pleading guilty of her own free will. N.T. Guilty Plea and Sentencing at 8-9, 25-26; Written Plea Colloquy at 1-2.

Moreover, Appellant's argument that trial counsel was ineffective in advising her to enter the negotiated plea also fails because the record establishes that counsel had a reasonable basis for this advice. The factual basis set forth at Appellant's plea hearing showed the following: that Appellant suggested to Nelson Giddings and Isaiah Reels that the three of them burglarize the home of Victim's next-door neighbor, who Appellant knew from a prior romantic relationship, and rob him, that Appellant drove Giddings and Reels to the scene of the crime, that Giddings broke into Victim's home, rather than the intended victim's home, by mistake and shot and killed Victim, that Reels acted as a lookout and fled after hearing gunshots, and that Appellant drove Giddings away from the area after he burglarized Victim's home and

shot her. N.T. Guilty Plea and Sentencing at 20-24. Appellant agreed at her plea hearing that these facts were true. *Id.* at 24.

Those facts were sufficient to convict Appellant of second-degree murder. 18 Pa.C.S. § 2502(b), (d) ("A criminal homicide constitutes murder of the second degree when it is committed while defendant was engaged as a principal or an accomplice in the perpetration of a felony"); *Commonwealth v. Lambert*, 795 A.2d 1010, 1022-25 (Pa. Super. 2002) (*en banc*) (evidence was sufficient to convict defendant of second-degree murder where defendant drove person who committed home burglary and killed occupant to and from the home and did not break into the home or shoot any occupant). The fact that the person whose home was burglarized and who was murdered in the course of that burglary was not the intended victim does not change this. Under the doctrine of transferred intent, the intent to commit a crime can be found where the crime that the defendant intended harms a victim who was not the intended target of the crime. 18 Pa.C.S. § 303(b)(1); *Commonwealth v. Jones*, 912 A.2d 268, 279-80 (Pa. 2006).

The record from the plea hearing demonstrated that the Commonwealth had ample evidence to prove these facts from prison phone calls between Giddings and Appellant, letters that Giddings sent to Appellant, and the testimony of Reels, who had agreed to testify against his co-conspirators. N.T. Guilty Plea and Sentencing at 23, 32. A conviction for second-degree murder carries a mandatory sentence of life imprisonment without parole. 18 Pa.C.S.

§ 1102(b). Given the sufficiency of the Commonwealth's evidence to prove second-degree murder and the substantial risk of being convicted of that offense and receiving a life sentence, counsel's advice to plead guilty to third-degree murder, conspiracy to commit burglary, and burglary, in exchange for a sentence of only 10 to 30 years was patently reasonable. Indeed, it was clear from the plea hearing that Appellant was pleading guilty to receive a much more lenient sentence than the mandatory life sentence that she risked if she went to trial. N.T. Guilty Plea and Sentencing at 24-25.

For the foregoing reasons, the PCRA court correctly concluded that the record from Appellant's plea hearing demonstrated that her claim of ineffective assistance of trial counsel was without merit. Accordingly, we affirm the PCRA court's order dismissing Appellant's PCRA petition without a hearing.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/6/2024