J-S15041-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
BRIANNA SHACREE HALLOWELL :
:
Appellant : No. 1210 WDA 2024

Appeal from the PCRA Order Entered July 29, 2024
In the Court of Common Pleas of Elk County
Criminal Division at No(s): CP-24-CR-0000179-2023

BEFORE: OLSON, J., SULLIVAN, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED: June 9, 2025**

Brianna Shacree Hallowell appeals *pro se* from the order dismissing her first petition filed pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S. §§ 9541-9546. She presents four issues for our review. She chiefly argues that she was "actually innocent" of the crime of drug delivery resulting in death, **see** 18 Pa.C.S. § 2506, and further contends that her guilty plea was involuntarily tendered and a product of ineffective assistance of counsel. We affirm.

Following a traffic stop, Hallowell "was found to be in possession of fentanyl. Thereafter[,] she was transferred to Elk County Prison and, while in the Elk County Prison, delivered fentanyl to another inmate . . . who died as

_____

[*] Retired Senior Judge assigned to the Superior Court.

a result of ingesting th[at] substance[].” N.T. Plea Hearing, 9/11/23, at 7. On September 11, 2023, she entered a negotiated guilty plea to one count of drug delivery resulting in death. For this offense, she was sentenced to eighty-four to two hundred and forty months of incarceration. Hallowell did not file any post-sentence motions nor pursue any direct appeal following the imposition of her judgment of sentence.

On March 12, 2024, Hallowell, *pro se*, filed the at-issue PCRA petition. Correspondingly, the PCRA court appointed counsel, Daniel B. De Vito, Esquire, to represent her. Nevertheless, after reviewing, *inter alia*, Hallowell's petition, Attorney De Vito filed a ***Turner/Finley***[1] “no-merit” letter and a petition to withdraw from representation. On June 19, 2024, the court granted Attorney De Vito's petition and simultaneously issued notice, pursuant to Pennsylvania Rule of Criminal Procedure 907(a), of its intention to dismiss Hallowell's petition, giving her twenty days to file a response to this proposed dismissal. Although Hallowell submitted a responsive letter dated July 9, 2024, but not filed until July 15, 2024, the court ultimately dismissed Hallowell's petition. ***See*** Order Dismissing PCRA Petition, 7/29/24 (indicating, *inter alia*, that court had “reviewed” Hallowell's July 2024 letter). Hallowell filed a timely notice of appeal from her petition's dismissal and, after being granted an

---

[1] ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

extension of time, timely filed a statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).

On appeal, Hallowell presents four questions for our review:

1. Does the Superior Court have proper jurisdiction over cases involving appeals from dismissed PCRA petitions?

2. Does the **Turner**/**Finley** letter and brief procedure violate both the United States and Pennsylvania Constitutions, as both include the right to adequate and meaningful access to the courts as well as due process?

3. Is Hallowell actually innocent of the crime of drug delivery resulting in death?

4. Were Hallowell's rights constitutionally violated and did she receive ineffective assistance of counsel, resulting in her assent to a plea that was not knowing nor understanding?

**See** Appellant's Brief, at 5.

"We review the denial of PCRA relief to decide whether the PCRA court's factual determinations are supported by the record and are free of legal error." **Commonwealth v. Brown**, 196 A.3d 130, 150 (Pa. 2018).

We begin by noting that, as Hallowell entered a negotiated guilty plea, her avenues of relief are limited. "Generally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of sentence, and the validity of the guilty plea." **Commonwealth v. Morrison**, 173 A.3d 286, 290 (Pa. Super. 2017) (citation omitted). However, "[t]he right to the constitutionally effective assistance of counsel extends to counsel's role in guiding his client with regard to the consequences of entering into a guilty plea." **Commonwealth v. Barndt**, 74

A.3d 185, 192 (Pa. Super. 2013). Relevant to the present matter, ineffective assistance of counsel claims related to the guilty plea process are cognizable under the PCRA. **See id.** at 191 (citing 42 Pa.C.S. § 9543(a)(2)(ii)).

To the extent Hallowell's first issue is capable of review, appearing to be a challenge to this Court's jurisdiction to review PCRA cases, we can summarily dispose of it. Section 9545(a) of the PCRA mandates that "[o]riginal jurisdiction over a [PCRA] proceeding . . . shall be in the court of common pleas." 42 Pa.C.S. § 9545(a). Meanwhile, except for those matters specifically designated as falling under the jurisdiction of the Supreme Court or the Commonwealth Court, this Court has exclusive appellate jurisdiction over "all appeals from final orders of the courts of common pleas, regardless of the nature of the controversy or the amount involved[.]" 42 Pa.C.S. § 742. As the PCRA contains no specific designation placing it within the appellate confines of another court, we inherently have jurisdiction to review appeals from orders that dismiss PCRA petitions.

In Hallowell's second issue, she appears to raise a bifurcated argument that challenges: (1) whether she received Attorney De Vito's **Turner**/**Finley** letter and related components; and (2) the constitutional viability of the **Turner**/**Finley** withdrawal procedure because it, *inter alia*, allows attorneys to "shirk" their responsibility as counsel. **See** Appellant's Brief, at 11-13.

To her first point, Attorney De Vito's combined **Turner**/**Finley** "no merit" letter and petition to withdraw as counsel contain a certificate of service

indicating that Hallowell was sent a copy of it via "USPS First Class Mail." ***Turner***/***Finley*** Letter, Certificate of Service, filed 5/31/24. Hallowell's address on this certificate of service is identical to the address she, herself, has included on various *pro se* filings. ***See, e.g.***, Petition for Leave to Proceed *In Forma Pauperis*, filed 6/20/24. Other than simply saying that she did not receive this document, Hallowell has failed to substantively contradict the evidence of her having been sent the ***Turner***/***Finley*** letter and is therefore due no relief.

As to the constitutional dimension of her claim, her argument is wholly unclear. In her meandering brief, Hallowell seems to argue that appointed attorneys on PCRA review improperly act as "dispute adjudicators" when reviewing *pro se* post-conviction review petitions, reaching their conclusions, without appropriate explanation to the petitioners that said petitions are meritless. ***See*** Appellant's Brief, at 32. Instead, from Hallowell's point of view, such adjudications should be within the purview of the court, as the deciding authority. ***See id.*** Hallowell also seems to imply that appointed attorneys, in filing ***Turner***/***Finley*** "no merit" letters, are merely finding excuses that avoid the laborious task of sifting through petitioners' records. ***See id.*** at 12.

This Court has repeatedly emphasized that we "will not act as counsel[.]" ***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007). "We shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument[.]" ***Milby v. Pote***, 189 A.3d

1065, 1079 (Pa. Super. 2018). Hallowell has provided no clear authority to demonstrate any infirmity, constitutional or otherwise, associated with the **Turner**/**Finley** withdrawal process, which has now been developed and approvingly utilized for more than thirty-five years. As her brief contains only bald assertions and non sequitur citations to authority, **see, e.g.**, Appellant's Brief, at 33 (referencing, without context, **Marbury v. Madison**, 5 U.S. 137 (1803)), we are precluded from meaningful review of this issue and therefore find it waived.

At Hallowell's third claim, she asserts that she is actually innocent of the crime to which she pleaded guilty, drug delivery resulting in death.

We note that Hallowell did not raise an actual innocence claim before the PCRA court. **Cf. Commonwealth v. Abu–Jamal**, 833 A.2d 719, 728 (Pa. 2003) (holding that while term "actual innocence" is not enumerated claim under PCRA, such contention is nevertheless cognizable because PCRA is meant to: (1) provide means of relief for those convicted of crimes they did not commit; and (2) be sole means of obtaining collateral relief). Instead, in her *pro se* petition, she alleged that she *told her counsel* that she was innocent in the course of arguing that she "wanted to go to trial, but [her plea counsel] told [her] if [she] took it to trial[,] [she] would get more time." PCRA Petition, 3/12/24, at 4. To the extent that she is now asserting an actual innocence claim, rather than one through the lens of ineffective assistance of counsel, it is waived for being presented for the first time on appeal. **See** Pa.R.A.P.

302(a) (stating that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal"); **Commonwealth v. Edmiston**, 851 A.2d 883, 889 (Pa. 2004) (reiterating that "[c]laims not raised in the PCRA court are waived and cannot be raised for the first time on appeal"). Furthermore, Hallowell's complete failure to address the PCRA court's review and denial of an actual innocence claim, in addition to the PCRA court's failure to address an actual innocence claim in its Rule 1925(a) opinion, strongly supports our conclusion that Hallowell is raising an actual innocence claim for the first time in this collateral review appeal.

In her last issue, Hallowell contests her plea counsel's effectiveness and further disputes that the plea she entered was knowing and voluntary.

As an initial matter, we note that Hallowell's challenge to the validity of her guilty plea is waived because she could have raised it in a pre- or post-sentence plea withdrawal motion and sought review of the denial of such a claim on direct review, but failed to do so. **See** 42 Pa.C.S. § 9544(b) ("For purposes of this subchapter, an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal, or in a prior state postconviction proceeding."); **see also, e.g.**, **Commonwealth v. Michael**, 755 A.2d 1274, 1280 (Pa. 2000) (Michael waived any challenge to legality of his guilty plea proceeding where he could have raised challenge on direct appeal and failed to do so). Thus, only Hallowell's ineffectiveness claim is cognizable. **See Commonwealth v.**

*Collins*, 888 A.2d 564, 573 (Pa. 2005) (court must consider ineffective assistance claim as a "distinct legal ground" for PCRA review).

For ineffective assistance of counsel claims, we employ the following precepts:

> With respect to claims of ineffective assistance of counsel, counsel is presumed to be effective, and the petitioner bears the burden of proving to the contrary. To prevail, the petitioner must plead and prove, by a preponderance of the evidence, the following three elements: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice as a result of counsel's action or inaction. With regard to the second prong (reasonable basis), "we do not question whether there were other more logical courses of action which counsel could have pursued; rather, we must examine whether counsel's decisions had any reasonable basis." We will hold that counsel's strategy lacked a reasonable basis only if the petitioner proves that a foregone alternative "offered a potential for success substantially greater than the course actually pursued." Our review of counsel's performance "must be highly deferential." To establish the third element (prejudice), the petitioner must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction.

*Brown*, 196 A.3d at 150–51 (internal citations omitted). A failure to satisfy any of the three prongs is fatal to the petitioner's claim that counsel was ineffective. *Id.* at 151; *Commonwealth v. Midgley*, 289 A.3d 1111, 1119 (Pa. Super. 2023).

A criminal defendant has the right to effective assistance of counsel in deciding whether to plead guilty. *See Commonwealth v. Valazquez*, 216 A.3d 1146, 1149 (Pa. Super. 2019). Ineffective assistance of counsel in connection with the entry of a guilty plea will serve as a basis for PCRA relief

only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. *See id.* "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Id.* (citation omitted).

Although Hallowell's brief contains no reference to the three-prong ineffective assistance of counsel standard, she identifies her plea counsel's alleged deficiencies in investigating the facts that led to her being criminally charged. She believes that she "should have been afforded an attorney who *knew* criminal procedure **especially** because this case had a body." Appellant's Brief, at 54 (emphases in original). Hallowell also suggests that her plea counsel should have requested specific discovery and contacted expert witnesses, but did not. In addition, she believed that, from discussions with plea counsel, her plea agreement meant that she would be "going" to the State Drug Treatment Program ("SDTP"), notwithstanding the fact that she was merely "eligible" for the program. Hallowell also writes that she conveyed to her plea counsel that she wanted to go to trial.

As Hallowell does not discuss plea counsel's ineffectiveness through any discussion of the record or citation to pertinent authority, *see* Pa.R.A.P 2119(a)-(c), she has necessarily failed to demonstrate that counsel was ineffective. *Cf. In re R.D.*, 44 A.3d 657, 674 (Pa. Super. 2012) (finding waiver where appellant failed to provide any "meaningful discussion of, or citation to,

relevant legal authority"). In particular, although vital for proving her claim, Hallowell makes no reference to how any discrete actions or inactions from plea counsel resulted in her being prejudiced, *i.e.*, she has provided no indicia that the outcome of proceedings would have been different but for any of plea counsel's purported transgressions. ***See Strickland v. Washington***, 466 U.S. 668 (1984); ***Commonwealth v. Pierce***, 527 A.2d 973 (Pa. 1987). As such, Hallowell is due no relief.

In any event, the record confirms that Hallowell participated in a thorough plea colloquy, which provides conclusive support to the determination that she understood the nature and consequences of her plea and that she knowingly and voluntarily decided to enter the plea. ***See*** N.T. Plea Hearing, 9/11/2023, at 9-16; Written Guilty Plea Colloquy, 9/11/23. In addition, in reviewing the hearing transcript, we can confirm that the court merely indicated that she "was *eligible* to participate in the [SDTP.]" N.T. Plea Hearing, 9/11/2023, at 26 (stating, further, that she "shall be *considered* as a candidate for said program[]") (emphases added); ***but see*** Appellant's Brief, at 55 (writing that when she heard word "eligible" it meant to her that she was being sentenced to SDTP). Although the court noted Hallowell's eligibility and Hallowell acquiesced to the court's language during the plea hearing and specifically at sentencing, ultimate admission into the SDTP is vested within the Pennsylvania Department of Corrections. ***See*** 61 Pa.C.S. § 4104. Therefore, the court's language provided no explicit guarantee, nor

could it, that Hallowell would be accepted into the SDTP, and Hallowell has failed to demonstrate that counsel was ineffective in conjunction with the entry of her plea.[2] Having failed to demonstrate that plea counsel caused her to enter an involuntary or unknowing guilty plea or that she would not have entered her plea if not for some error by plea counsel, Hallowell has failed to overcome the presumption of the effectiveness of her former counsel.

Accordingly, with Hallowell having failed to present any meritorious claims, we affirm the court's order dismissing her PCRA petition.

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

6/9/2025

---

[2] Although Hallowell avers that her plea counsel told her she would be going to the SDTP if she took the plea, *see* Appellant's Brief, at 55, she still fails to argue counsel's alleged erroneous statement was ineffective assistance through the proper standard. Moreover, she failed to proffer a signed certification of plea counsel with respect to counsel's supposed incorrect advice to that effect in her petition, thus defaulting on her burden of showing entitlement to an evidentiary hearing to develop record support for that part of her claim. *See* 42 Pa.C.S. § 9545(d)(1); Pa.R.Crim.P. 902(A)(15).