**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN FRANKLIN NEIDLINGER, JR. | : | |
| | : | |
| Appellant | : | No. 299 MDA 2025 |

Appeal from the PCRA Order Entered February 4, 2025
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s):  CP-54-CR-0000956-2022

BEFORE:  LAZARUS, P.J., OLSON, J., and BECK, J.

MEMORANDUM BY BECK, J.:                    **FILED: SEPTEMBER 3, 2025**

John Franklin Neidlinger, Jr. ("Neidlinger") appeals from the order entered by the Schuylkill County Court of Common Pleas denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  On appeal, Neidlinger claims that plea counsel was ineffective in failing to investigate any witnesses for a potential trial and that this caused him to enter an involuntary plea.  We affirm.

On April 13, 2022, Neidlinger, who could not possess a firearm because of his felon status, bought an AR-15 from Paul Zimmerman in exchange for money and methamphetamine.  Neidlinger subsequently sold the AR-15 through an intermediary to Antwain Davender.  Police arrested Neidlinger.

---

[1] 42 Pa.C.S. §§ 9541-9546.

The case proceeded to a scheduled jury trial on September 8, 2023. On that date, prior to trial, Neidlinger entered a plea of nolo contendere to possession of a controlled substance and possession of a prohibited offensive weapon. The trial court sentenced him to an aggregate term of twenty-four to fifty-seven months of incarceration, to run consecutive to a sentence he was already serving.

On August 15, 2024, Neidlinger filed a pro se PCRA petition, alleging, inter alia, that but for plea counsel's ineffectiveness for failing to investigate and contact witnesses, he would not have entered the nolo contendere plea. The PCRA court appointed Neidlinger counsel. On January 31, 2025, the PCRA court held a hearing on Neidlinger's petition, at which Neidlinger, Attorney Lora McDonald (his plea counsel), and Andreah White ("White") (the investigator at the Public Defender's Office responsible for contacting Neidlinger's witnesses in preparation for his trial) testified. The PCRA court subsequently denied him relief. Neidlinger filed a timely appeal. He presents a single issue for review: "Whether the trial court erred by failing to find [plea] counsel ineffective for failing to investigate potential witnesses willing to testify on [Neidlinger]'s behalf at trial?" Neidlinger's Brief at 3.

"This Court's standard of review regarding a PCRA court's denial of a PCRA petition is whether the PCRA court's decision is supported by the evidence and free of legal error." *Commonwealth v. Felix*, 303 A.3d 816, 819 (Pa. Super. 2023). "An appellate court cannot substitute its judgment for

- 2 -

that of the finder fact." ***Commonwealth v. Collins***, 70 A.3d 1245, 1251 (Pa. Super. 2013). "With respect to the PCRA court's legal conclusions, we apply a de novo standard of review." ***Commonwealth v. Lopez***, 249 A.3d 998 (Pa. 2021) (citation omitted).

Neidlinger argues that he felt compelled to enter the plea deal rather than proceed to trial because counsel failed to produce any witnesses to testify at trial. Neidlinger's Brief at 9-10. According to Neidlinger, he provided Attorney McDonald with the names and accurate contact information of various individuals who would testify that he did not possess the firearm with which he was charged, but that counsel failed to contact any potential witnesses. *Id.* at 9-10, 11-12.

To establish a claim of ineffective assistance of counsel, a PCRA petitioner must plead and prove, by a preponderance of evidence, that

> (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice as a result of counsel's action or inaction. Counsel is presumed to be effective, and the burden is on the appellant to prove otherwise.

***Felix***, 303 A.3d at 819 (citations and quotation marks omitted). "The failure to satisfy any one of the ineffectiveness prongs precludes relief." ***Commonwealth v. Drayton***, 313 A.3d 954, 960 (Pa. 2024) (citation omitted).

Ineffective assistance of counsel claims related to the plea process are cognizable under the PCRA. ***Commonwealth v. Barndt***, 74 A.3d 185, 191-

92 (Pa. Super. 2013) (citing 42 Pa.C.S. § 9543(a)(2)(ii)). A criminal defendant has the right to effective assistance of counsel in deciding whether to enter a plea. *Commonwealth v. Velazquez*, 216 A.3d 1146, 1149 (Pa. Super. 2019). An allegation of ineffective assistance of counsel in connection with the entry of a plea serves as a basis for PCRA relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. *Id.* "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Id.* at 1149-50 (citation omitted).

> The standard for post-sentence withdrawal of guilty pleas dovetails with the arguable merit/prejudice requirements for relief based on a claim of ineffective assistance of plea counsel, … under which the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea. This standard is equivalent to the "manifest injustice" standard applicable to all post-sentence motions to withdraw a guilty plea.

*Commonwealth v. Kelley*, 136 A.3d 1007, 1013 (Pa. Super. 2016) (citation omitted). "In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea." *Commonwealth v. Dinell*, 270 A.3d 530, 533 (Pa. Super. 2022) (citation omitted).

"A valid plea colloquy must delve into six areas: 1) the nature of the charges, 2) the factual basis of the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's

power to deviate from any recommended sentence." ***Commonwealth v. Reid***, 117 A.3d 777, 782 (Pa. Super. 2015) (quotation marks and citation omitted). "Furthermore, nothing in [Pennsylvania Rule of Criminal Procedure 590] precludes the supplementation of the oral colloquy by a written colloquy that is read, completed, and signed by the defendant and made a part of the plea proceedings." ***Felix***, 303 A.3d at 820 (citation omitted); ***see also*** Pa.R.Crim.P. 590, cmt.

The record reflects that Neidlinger affirmed in his written colloquy and orally at his nolo contendere plea hearing that he understood that by entering his plea, he was giving up his right to a trial and to present any defenses, and that he was pleading no contest to possessing the firearm. N.T., 9/8/2023, at 4; Written Plea Colloquy, 9/8/2023, at 3. He further denied that anyone had forced, coerced, or threatened him to enter his guilty plea, and confirmed he willingly entered the plea and that he was satisfied with Attorney McDonald. N.T., 9/8/2023, at 4; Written Plea Colloquy, 9/8/2023, at 4-5. Additionally, Neidlinger confirmed that he understood English, was not under the influence of alcohol or drugs, and was not suffering from any physical, emotional, or mental problems preventing him from understanding the proceedings; the nature of the charges; the factual basis of the plea, his presumption of innocence; and the permissible range of sentences. N.T., 9/8/2023, at 3-6; Written Plea Colloquy, 9/8/2023, at 1-6.

On this basis alone, Neidlinger is not entitled to relief on his challenge to plea counsel's alleged ineffective assistance in failing to find witnesses to testify on his behalf. *See Commonwealth v. Kapellusch*, 323 A.3d 837, 848 (Pa. Super. 2024) (emphasizing that "[a] defendant is bound by statements made during a plea colloquy and a defendant may not later offer reasons for withdrawing the plea that contradicts the statements he made when he pled") (citation omitted); *see also Commonwealth v. Pier*, 182 A.3d 476, 480 (Pa. Super. 2018) ("[a] person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy").

Regardless, Neidlinger's claim lacks merit. The failure to call a witness can constitute ineffective assistance of counsel only where the petitioner shows

> (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

*Commonwealth v. Medina*, 209 A.3d 992, 998 (Pa. Super. 2019) (citation omitted).

At the PCRA hearing, Neidlinger testified that he entered his plea only after his plea counsel told him she could not get in touch with any of the witnesses he had provided to her, despite the fact he provided names and

- 6 -

contact information for each of the witnesses. N.T., 1/31/2025, at 8-10. Neidlinger indicated the witnesses would have stated that he never possessed a firearm. *Id.* at 12, 13. Neidlinger stated he accepted the plea deal solely based on the absence of his witnesses. *Id.* at 10.

White testified that Neidlinger provided her with three potential witnesses, and the contact information for two of the witnesses but not the third. *Id.* at 23-25, 28. White confirmed that neither of the witnesses answered or returned her calls, and she was unable to leave a message for one of the witnesses because the voicemail box was full. *Id.* at 24-25, 28. White also testified that she would have driven to the witnesses' homes for whom she had addresses if Neidlinger had decided to proceed to trial. *Id.* at 28-29.

Attorney McDonald testified that she advised Neidlinger to take the plea because of the evidence against him, and the inability to contact any of the witnesses who would testify on Neidlinger's behalf. *Id.* at 34-35, 38. McDonald also testified that she believed a judge would be unlikely to grant a request for continuance to allow Neidlinger more time to summon the witnesses because the jury was already empaneled. *Id.* at 39.

Neidlinger does not meet the threshold requirements for ineffectiveness based upon counsel's failure to call a witness. None of the alleged witnesses testified at the PCRA hearing, so it is unknown whether any of the witnesses were available or willing to testify favorably on his behalf. *See Medina*, 209

A.3d at 998. Thus, plea counsel could not be found to have rendered ineffective assistance in this regard.

Because we find no error in the PCRA court's findings, we affirm the order denying Neidlinger's PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 09/03/2025